300 So.2d 750 (1974)
STATE of Florida ex rel. Cecil M. TINDEL, Appellant,
v.
Bert L. SHARP, Etc., et al., Appellees.
No. T-467.
District Court of Appeal of Florida, First District.
September 24, 1974.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard, Special Asst. Atty. Gen., for appellant.
T. Edward Austin, William Lee Allen, Ralph W. Nimmons, Jr., Jacksonville and William D. Ryals, of Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellees.
PER CURIAM.
In this case the trial court, Judge Roger J. Waybright of the Circuit Court of Duval County, entered its final judgment denying appellant's petition for a peremptory writ of mandamus, and thereby nullifying the alternative writ of mandamus.
Briefly, the facts involve the services of Dr. Bert L. Sharp, Dean of the College of Education of the University of Florida, *751 who, because of his expertise of the subject and by contractual relations with the Duval County School Board, was engaged in helping the School Board find a suitable County School Superintendent to replace the incumbent superintendent who was retiring. Dr. Sharp had accumulated over a number of years quite a file on various members of the profession in connection with other counties' requests for similar recommendations.
Appellant, who was posing under an assumed name, either Davis or Tindel, but who was in fact a news reporter for a television station, attempted to examine all the files of Dr. Sharp in his office in Gainesville, Florida. Dr. Sharp refused. Two representatives of the Florida Attorney General's office also tried to get access to these files, and we are not clear as to the basis upon which they sought them, but Dr. Sharp and the Board declined to accommodate them.
It appears to us that the work product of Dr. Sharp was his private property and was not a public record and subject to review by the public as such. The work done by Dr. Sharp in acquainting himself with the information from which he could make able and meaningful reccommendations of any person was no more than an exploratory examination by a physician or an investigation by an attorney-at-law in preparation for a case. Dr. Sharp was not a public officer whose acts and findings came within the purview of public records and thereby subject to the statute governing public records. He was not an agency as that term is defined by § 119.011, Florida Statutes, and thus his records were not public records subject to disclosure under § 119.01, Florida Statutes. The recommendations and papers he delivered to the Duval County School Board under his contract became public record upon the Board's receipt of them. Section 119.01, Florida Statutes, provides as follows:
"Public records open to examination by citizens.  All state, county and municipal records shall at all times be open for a personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."
Section 119.011, Florida Statutes, states as follows:
"Definitions.  For the purpose of this act:
(1) `Public records' shall mean all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.

"(2) `Agency' shall mean any state, county or municipal officer, department, division, board, bureau, commission or other separate unit of government created or established by law." (Emphasis supplied)
It is clear that Dr. Sharp was not an agency under the definition of that term. He was not a state, county or municipal office, department, division, board, bureau, commission or other separate unit of government created or established by law. As stated by the able trial judge in his order, Dr. Sharp was an independent contractor, a consultant employed by the school board to seek out prospects he could recommend to them for their consideration for the vacant position of superintendent of schools of Duval County. Had the legislature intended to bring such a person into the ambit of the public records disclosure law, it could have very easily done so by expanding its agency definition to include same, but we should not by judicial fiat make such an expansion of the legislature's definition. The reports furnished to the school board by Dr. Sharp were the only papers of Dr. Sharp that came into possession of the agency (the school board) and were used by it in its selection of a county school superintendent. As previously stated, they are public records to which any *752 citizen has right of access under the statute, but the personal papers retained by Dr. Sharp do not fall within the statute's terms.
Therefore, the trial court was correct in denying the petition for peremptory mandamus and in terminating this action.
Affirmed.
RAWLS, C.J., and McCORD and JOHNSON, JJ., concur.