QUESTIONS: 1. Is the board of directors of the Orlando-Orange County Industrial Board, Inc., subject to the Government in the Sunshine Law? 2. Is the Orlando-Orange County Industrial Board, Inc., required to make its records available for public inspection?
SUMMARY: The Orlando-Orange County Industrial Board, Inc., a nonprofit, nongovernmental organization, is not subject to the Government in the Sunshine Law even if it receives contributions from governmental agencies because it is not a board or commission of any agency or authority of any local government, nor is it an agency of any local government or connected therewith, nor does it serve in an advisory capacity to any such governmental body or agency. The ex officio membership of a single county commissioner and a city councilman on the Board of Directors of the Orlando-Orange County Industrial Board and their participation in the nongovernmental functions of the board do not require that the board of directors' meetings of such corporation be open to the public or conducted in accordance with the requirements of s.286.011, F. S. The Orlando-Orange County Industrial Board, Inc., a nongovernmental agency operating independently of, and not connected with, any local governmental body or agency and not acting on behalf of any local governmental agency is not an agency within the meaning of s. 119.011(2), F. S., and, therefore, its records are not public records required to be open for public inspection under s. 119.07, F. S. Contributions to the board toward its operating expenses by governmental agencies do not constitute the expenditure of public funds in payment of dues or membership contributions so as to subject its business and financial records to the provisions of the Public Records Law. AS TO QUESTION 1: Your first question is answered in the negative. According to your letter, the Orlando-Orange County Industrial Board, Inc., is a nonprofit corporation chartered by the State of Florida in accordance with the provisions of Ch. 617, F. S. The purpose of the corporation is to further and promote the general business and industrial interest of Orange County. The business of the corporation is conducted by a board of directors composed of seven citizens of Orange County. The members of the board are appointed in the following manner: The Orlando City Council appoints one member; the Orange County Board of County Commissioners appoints three members; and the Central Florida Development Committee, another nonprofit corporation, appoints three members. None of the members are elected public officials. However, the Orlando City Council and the Orange County Board of County Commissioners each appoints one of their members to be ex officio members of the board of directors, and these members are active participants in board functions. The operating budget of the Orlando-Orange County Industrial Board, Inc., is funded by contributions from the Orlando City Council and Orange County Board of County Commissioners. Additional background information supplied to this office indicates that the board does not serve in an advisory capacity to either the city council or the county commission, nor does it make recommendations to either body. In essence, therefore, the board functions independently of any governmental agency, although it receives contributions from governmental agencies and its ex officio members are appointed by the city council and county commission from their respective memberships. For the purposes of this opinion, I assume the validity of the contributions made to the corporation out of public moneys. Florida's Government in the Sunshine Law (s.286.011, F. S.) provides, in pertinent part, that: (1) All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . . The test as to whether or not a particular board or commission falls within the parameters of s. 286.011, F. S., has been judicially determined to be whether or not said board or commission is subject to the dominion and control of the Legislature. Times Publishing Company v. Williams, 222 So.2d 470
(2 D.C.A. Fla., 1969); City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971). The Orlando-Orange County Industrial Board, Inc., is not a "board or commission . . . of any agency or authority of" the city and county involved, nor is it a state or local governmental agency, nor is it connected with city or county government, nor does it serve in an advisory capacity to either the city council or county commission. Cf. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), wherein the Florida Supreme Court held that a citizens' planning committee appointed and established by a municipal governing body to act in an advisory capacity to the town council was required to meet in the sunshine; and AGO 076-193 concluding that the meetings, including committee and subcommittee meetings, of a Regional Commission on the Status of Women established as an advisory body by several boards of county commissioners was subject to the Sunshine Law. Moreover, in AGO 074- 22 it was stated that the fact that a private nonprofit organization which was not a state or local governmental agency or subject to the control of the Legislature received public funds did not subject such organization to the Sunshine Law. A county commissioner's and a city councilman's ex officio membership on, and participation in the nongovernmental activities of, the board do not in and of themselves require that board meetings of the nonprofit corporation be conducted in accordance with s. 286.011, F. S. The Sunshine Law applies to meetings of two or more members of a public board or commission or ad hoc boards or committees established by governmental agencies where those members deal with some matter on which foreseeable official action will be taken. City of Miami Beach v. Berns, supra; Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); also see AGO 074-22. AS TO QUESTION 2: Your second question is answered in the negative.
Florida's Public Records Law, Ch. 119, F. S., requires all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency to be open for public inspection by any person. Sections119.011(1) and 119.07(1), F. S. The applicability of Ch. 119, F. S., to a particular organization depends, therefore, on whether or not said organization is an agency as defined in s. 119.011(2). State ex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974). "Agency" is defined to mean: . . . any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency. [Section 119.011(2), F. S.] Since, according to the information received by this office, the Orlando-Orange County Industrial Board, Inc., is a nongovernmental agency and operates independently of, and is unconnected with, the county commission and the city council and is not acting on behalf of either public body in any capacity, it does not appear to be an "agency" as the term is defined in s. 119.011(2), F. S. Hence, its records are not public records and cannot be required to be made available for public inspection. See State ex rel. Tindell v. Sharp, supra. In determining that the Orlando-Orange County Industrial Board, Inc., is not subject to the provisions of the Public Records Law, I am not unaware of s. 119.012, F. S., which provides that dues or membership contributions may not be paid to nonpublic associations or organizations from public funds unless all of the financial, business, and membership records of such association or organization pertaining to the public agency paying such dues on contributions are open to public inspection under s.119.07, F. S. Cf. AGO 074-351. Section 119.012, however, is not applicable to the instant situation because, although the board receives contributions toward its operating expenses from governmental agencies, no public funds are expended by such agencies in payment of dues or membership contributions.