QUESTION:
Is a committee selected by the Broward County Bar Association at the request of and pursuant to delegated authority by the district school board, to screen applicants for the position of school district attorney and to make recommendations or nominations to the school board for its consideration in the appointment of a school district attorney, subject to the Government-in-the-Sunshine Law, s. 286.011, F. S.?
SUMMARY:
A committee selected by a county bar association at the request of, and pursuant to delegated authority by, a district school board to screen applicants for the position of school district attorney and to make recommendations or nominations to the district school board for its consideration in the appointment of a school district attorney is subject to the Government-in-the-Sunshine Law, s. 286.011, F. S.
The Government-in-the Sunshine Law, s. 286.011, F. S., requires that all meetings of two or more members of a board or commission subject to the act at which said members discuss matters upon which foreseeable action might be taken by the board or commission of which they are members be open to the public and that minutes of all such meetings be recorded and open to public inspection and examination. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Additionally, reasonable notice of all such meetings must be furnished to the public. Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973); AGO 073-170.
In Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), the court held an ad hoc citizens planning committee which was appointed by the town in order to make recommendations to the town concerning land use controls subject to the Sunshine Law. In so ruling, the court noted that the citizens planning committee functioned as an `arm of the town council.'
The only apparent distinguishing feature between the instant case and Town of Palm Beach is that, in the instant case, the members of the school board will not choose or appoint the individual members of the screening committee but, instead, will delegate this authority to the county bar association. This, however, does not appear to be a distinction which would serve to exempt this particular screening committee from the Sunshine Law. For example, the school board specifically requested that the bar association form such a committee in order to screen applicants for the vacant school board attorney's position and make recommendations or nominations to the school board on the appointment by the board of its school district attorney. The fact that the individual members of the screening committee have not directly been appointed by the school board is of no importance for they would not have been appointed were it not for the request and delegated authority of and by the board. The committee, once appointed, acts for and on behalf of the school board in screening the applicants for the vacant school district attorney position and in making recommendations or nominations for appointment to such position. The applications for the school district attorney position are, in legal effect, made to the school board. The applicants are screened for the school board by the committee, and its recommendations are in effect nominations for the appointment by the board to the vacant position. The school board utilizes such recommendations or nominations in order to appoint the school district attorney. Accordingly, under the Town of Palm Beach
decision, I am of the opinion that the members of the screening committee acting on behalf of the district school board are subject to the Government-in-the-Sunshine Law, s. 286.011, F. S., and may not hold closed or private sessions in order to screen applicants and make recommendations or nominations to the school board with regard to its appointment of an attorney for the school district.
While not dealing with the Sunshine Law, this conclusion is also supported by a recent amendment to Ch. 119, F. S., the Public Records Law, which redefined the term `agency,' s. 119.011(2), to include public or private agencies, persons, corporations, or business entities acting on behalf of a public agency, and served to make such private agencies or persons the agents of the public agency for whom they act and to subject them and their records to ss. 119.01 and 119.07. See Ch. 75-225, Laws of Florida. This amendment was in response to the court's decision in State ex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1976), which held, among other things, that the personal files, papers, and the work product of an independent contractor-consultant employed by a school board to seek out suitable prospects for recommendation to the school board for its consideration for the vacant position of school superintendent were not subject to s. 119.01, F. S. 1971. The effect of the 1975 amendment is to require that an individual or committee appointed to screen applicants for public positions at the request of and acting on behalf of a public agency `stands in the shoes' of the public agency for which he or it acts insofar as the application of Ch. 119 is concerned and is subject to the terms of ss. 119.01, and 119.07(1).
Prepared by: Sharyn L. Smith Assistant Attorney General