Elaine Gordon Representative 98th District Tallahassee
QUESTION:
Are the minutes of a nonpublic hospital governing board meeting public records subject to personal inspection by any person if such institution receives public funds?
`Agency' means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created orestablished by law and any other public or private agency, person,partnership, corporation, or business entity acting on behalf ofany public agency. (Emphasis supplied).
SUMMARY:
The minutes of meetings of the governing authorities or bodies of nonpublic hospitals or other health care institutions or facilities are not public records and are not subject to personal inspection under Florida's Public Records Law, ch. 119, F. S., nor would the minutes of such meetings be subject to the requirements of Florida's Government in the Sunshine Law, s. 286.011, F. S., unless such nonpublic hospitals, institutions, or facilities are operated for or on behalf of a public agency or an agency, authority, or instrumentality of any municipality, county, district, or other unit or subdivision of state or local government.
Section 395.0653, F. S., requires that hospitals licensed pursuant to ch. 395, F. S., not deny certain licensed professionals listed therein staff membership or professional clinical privilegessolely because such applicants are licensed under any of several statutes listed in s. 395.0653. Section 395.0653(3) requires the governing body of every hospital to set standards and procedures to be applied by the hospital and its medical staff in considering the acting upon applications for staff membership or professional privileges and directs that such standards and procedures be made available for public inspection.
You state in your letter that you have introduced a bill amending s. 395.0653, F. S., that requires certain notification to certain applicants of reasons for the denial of hospital staff membership or professional clinical privileges. Therefore, you wish to know if the minutes of the meetings of the governing boards of such hospitals are subject to public inspection if the `hospital, nursing home, adult congregate living facility or similar institution which operates in the State of Florida is the recipient of public funds.' Access to the minutes of the meeting in which a governing body of any such hospital considers and acts upon an application for staff membership or professional privileges is necessary in order for the applicant to determine how the board's policies and decisions are reached. Types of public funds received, as defined by you, are Medicaid, Medicare, government grants, government loans, purchase of service grants from government, and other similar types of public funds.
Of course any such amendment to s. 395.0653, F. S., would be limited in its application to hospitals and ambulatory surgical centers, as defined in and licensed under ch. 395, F. S., unless that chapter is otherwise extensively revised by the Legislature. Section 395.03 requires that `no person [as defined in s. 395.01(2)] or governmental unit [as defined in s. 395.01(3)] acting severally or jointly with any other person or governmental unit shall establish, conduct, or maintain a hospital or ambulatory surgical center' in Florida without a license under ch. 395. See also s. 395.02, which states that the legislative purpose of ch. 395 is `to provide for the development, establishment, and enforcement of standards' for hospitals and ambulatory surgical centers. Thus, any amendment to s. 395.0653, such as that hereinbefore described, would not apply to a nonpublic nursing home, adult congregate living facility, or any other facility of like kind or character. These types of facilities would require an amendment to their regulating or licensing statutes, if any, in order to effectuate public accessibility to the minutes, if any, of the governing authorities of such facilities. See, for example, part I of ch. 400, F. S., relating to nursing homes and part II of ch. 400, which relates to adult congregate living facilities.
Florida's Public Records Law, ch. 119, F.S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any publicagency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See ss. 119.01, 119.011(1) and (2), and119.07(1). `Public records' are defined by s. 119.011(1) to mean:
 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (Emphasis supplied.)
The Florida Supreme Court recently, in the case of Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633
at 640 (Fla. 1980), defined a `public record,' for purposes of s.119.011(1), to be `any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.' The court went on to hold:
 Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business. [Id. at 640.]
The applicability of ch. 119, F. S., to a particular person or entity depends on whether the person or entity in question is apublic agency as defined in s. 119.011(2). See State ex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974). `Agency' is defined by subsection (2) as follows:
It is therefore my opinion that, in the absence of some general or special law (and none has been drawn to my attention) that makes the minutes of a meeting of the governing body of a nonpublic hospital or other nonpublic institution or facility of the type mentioned in your letter open for a personal inspection and examination by any person, such records or minutes are not public records, unless the licensed hospital or other institution or facility in question meets the definition of `governmental unit' is s. 395.01(3), F. S., or `agency' in s. 119.01(2), F. S., or is acting on behalf of any such public agency. Of course a licensed hospital or other institution or facility of the type described in your letter which is operated by or on behalf of a public agency or instrumentality of any municipality, county, district, or other unit or subdivision of state or local government would be subject to the inspection requirements of ch. 119, F. S. Receipt of public funds of the type described in your letter would not affect the status of a private hospital or other private health care facility or constitute it a public agency within the purview of ch. 119.Cf. AGO 076-194, which concluded that the Orlando-Orange County Industrial Board, Inc., even though it received contributions from governmental agencies, was a nongovernmental agency operating independently of, and not connected with, any local governmental body or agency and not acting on behalf of any local governmental agency and was not an agency within the meaning of s. 119.011(2); and, therefore, its records were not public records required to be open for public inspection under s. 119.07.
In reaching this opinion I am not unaware of s. 119.012, F. S., which provides that dues or membership contributions may not be paid to nonpublic associations or organizations from public funds unless all of the financial, business, and membership records of such association or organization pertaining to the public agency paying such dues or contributions are open to public inspection under s. 119.07, F. S. Cf. AGO 074-351. However, s. 119.012 does not appear, from the facts presented in your letter, to be applicable to the instant situation because, although these hospitals and other entities mentioned in your letter receive the types of public funds described in your letter, no public funds are expended by public agencies in payment of dues or membership contributions.
Although you did not mention the Government in the Sunshine Law, s. 286.011, F. S., that law likewise would not be applicable to these nonpublic hospitals or other health care facilities or institutions. Cf. AGO 076-194, which concludes that the Orlando-Orange County Industrial Board, Inc., a nonprofit, nongovernmental organization, is not subject to the Government in the Sunshine Law even if it receives contributions from governmental agencies because it is not a board or commission of any agency or authority of any local government, or an agency of any local government or connected therewith. Section 286.011(1) provides:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Subsection (2) of s. 286.011, in pertinent part, provides that `[t]he minutes of a meeting of any such board or commission of anysuch state agency or authority shall be promptly recorded and such records shall be open to public inspection.' (Emphasis supplied.)
The test as to whether the meetings of a particular board fall within the purview of s. 286.011, F. S., has been judicially determined to be whether the board is subject to the dominion and control of the Legislature. See City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971), and Times Publishing Company v. Williams,222 So.2d 470 (2 D.C.A. Fla., 1969). The governing authorities of the nonpublic hospitals or other institutions or facilities described in your letter are not `board(s) or commission(s) of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision' within the purview of or for the purposes of s. 286.011, and the receipt of public funds of the type described in your letter would not subject such nonpublic hospitals or other institutions or facilities to the requirements of s. 286.011.
Prepared by: Craig B. Willis, Assistant Attorney General