J. Pierce Smith Alachua County Property Appraiser Gainesville
QUESTION:
Are payroll records of the employees of the property appraiser's office, including the names of such employees and their positions and salaries, subject to Florida's Public Records Law, ch. 119, F. S.?
SUMMARY:
Until legislatively made confidential or expressly exempted by statute, the payroll records of the employees of the Alachua County Property Appraiser's Office, including the names of such employees and their positions and salaries, are subject to Florida's Public Records Law, ch. 119, F. S.
This office over the years has received a number of requests for opinions on the subject of personnel records. These types of records have generated a great deal of debate over the scope and wisdom of the Public Records Law, and the law's application to such records has caused a great deal of consternation among public employers and officials.
Florida's Public Records Law, ch. 119, F. S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any publicagency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See ss. 119.01, 119.011(1) and (2), and119.07(1)(a). `Public records' are defined by s. 119.011(1) to mean
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Florida Supreme Court recently, in the case of Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633
(Fla. 1980), construed the above definition of `public records.' The court held at 640 that, for the purposes of s. 119.011(1), F. S., a public record is `any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.'
The applicability of ch. 119, F. S., to a particular officer, person, or entity depends on whether the individual or entity in question is a public agency as defined in s. 119.011(2). See Stateex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974). Subsection (2) provides:
 `Agency' means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
It is therefore clear that the Office of the Alachua County Property Appraiser, and the incumbent of that office, are a public agency within the definition of `agency' in s. 119.011(2) and the purview of ch. 119.
As stated above, this office has received a number of requests concerning the application of the Public Records Law to personnel records. In AGO 075-8, this office stated that governmental employees' personnel records are subject to ch. 119; AGO 073-51, concluded that personnel records of civil service employees may not be maintained under two separate categories, one open for inspection and one confidential; and in AGO 073-30, this office opined that records of salaries paid to assistant state attorneys are open to public inspection. It has come to my attention that many local governmental officials are highly critical of the law's application to personnel records on the basis of `public policy' considerations. However, as the Florida Supreme Court stated in Wait v. Florida Power Light Co., 372 So.2d 420, at 424 (Fla. 1979), this is an `argument [which] should be addressed to the legislature.' The public policy of this state is established by s.119.01, F. S., which provides that `all state, county, and municipal records shall at all times be open for a personal inspection by any person.' This office merely attempts to give its best legal interpretation of the Public Records Law in its present form to aid public agencies and officials in complying with the law's mandate. Thus, in light of the Florida Supreme Court decision in Wait v. Florida Power Light Co., supra, that the Public Records Law `exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law,' public agencies must continue to permit public access to personnel records until such time as the Legislature deems it proper to create an exception to the Public Records Law for such records.
Recently, in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), the Florida Supreme Court rejected the contention that there was a constitutional right of privacy that would prevent public disclosure of papers prepared by a consultant in connection with an employee search on behalf of the Jacksonville Electric Authority, a public agency, for the position of managing director of the electric authority. After disposing of the federal constitutional claims, the Supreme Court concluded also that `there is no support in the language of any provision of the Florida Constitution or in the judicial decisions of this state to sustain [a] finding of a state constitutional right of disclosural privacy.'
On November 4, 1980, Committee Substitute for House Joint Resolution 387, proposing the creation of s. 23, Art. I, State Const., was approved by the electorate. This constitutional amendment creating a right of privacy provides:
 Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law. (Emphasis supplied.)
However, because of the expressly provided exception emphasized above, this constitutional privacy amendment does not operate to limit the public's right of access to public records.
Prepared by: Craig Willis, Assistant Attorney General