The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion on substantially the following question:
 ARE DEATH CERTIFICATES SUBJECT TO FLORIDA'S PUBLIC RECORDS LAW, CHAPTER 119, F.S.?
The Department of Health and Rehabilitative Services as provided by s 382.01, F.S., is charged with the registration of vital statistics for the State of Florida. Section 382.02, F.S., further provides that `[t]he vital statistics function of the Department of Health and Rehabilitative Services shall be under the direction of the Secretary of Health and Rehabilitative Services, who shall be, by virtue of his office, State Registrar of Vital Statistics.' You request an opinion in your capacity as State Registrar as to whether death certificates are public records which must be open for inspection by the public.
You cite to subsection (4) of s 382.35, F.S., which provides:
 The state Registrar shall furnish a certified copy of all or part of any marriage, dissolution of marriage, or death certificate, excluding that portion which contains the medical certification of cause of death, recorded under the provisions of this chapter to any person requesting it upon payment of the fee prescribed by this section. A certified copy of the medical certification of cause of death shall be furnished only to persons having a direct and tangible interest in the cause of death, as provided by rules and regulations of the Department of Health and Rehabilitative Services.
It is contended that this provision evinces a legislative intent that persons wishing to inspect death certificates must specify a particular certificate; that death certificates are not open for general examination. I disagree on the basis that no statutory exemption has been brought to my attention which would prevent public inspection of death certificates maintained by the Department of Health and Rehabilitative Services pursuant to the provisions of the Public Records Law.
Florida's Public Records Law, Ch. 119, F.S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any public agency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See ss 119.01, 119.011(1) and (2) and119.07(1)(a), F.S. `Public records' are defined by s 119.011(1) to mean `all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.' See also Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), in which the Florida Supreme Court construed this definition to mean `any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.'
The applicability of Ch. 119, F.S., to a particular officer, person, or entity depends on whether the individual or entity in question is a public agency as defined in s 119.011(2), F.S. See
State ex rel. Tindel v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974). Subsection (2) provides:
 `Agency' means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
It is clear from these statutory definitions that the Department of Health and Rehabilitative Services as the state agency charged with registration of vital statistics of Florida is a public agency and that death certificates are public records under the terms of Ch. 119, F.S.
In order for a public record not to be subject to the inspection and examination requirements of s 119.07, there must be a statutory exemption from the law. In Wait v. Florida Power Light Co., 372 So.2d 420 at 422 (Fla. 1979), the Florida Supreme Court held that the Public Records Law exempts from public disclosure `only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.' Thus, unless there is a specific statutory exemption or a statute which makes the material confidential, a public agency must permit access to the records in question until such time the State Legislature deems it proper to create an exception to the Public Records Law for such material.
You state in your letter that the issue is a highly sensitive one because open access would allow persons to contact widows or widowers and other members of the deceased person's family at a highly sensitive time which could cause unnecessary and serious emotional trauma to these individuals. Your argument concerning the interpretation of s 382.35(4), F.S., is based on the implication that because the statute refers to the certified copy
of the death certificate furnished by the State Registrar in the singular, access to such records is specifically qualified and the person seeking to inspect any death certificate must be able to identify or specify a particular certificate to examine. The implementation of this position would in effect preclude any general examination since inspection would be limited to those death certificates which could be specifically identified by the person seeking examination. The result of this requirement of course would be the prevention of persons who did not know the deceased from obtaining information about members of the surviving family. This argument, however, is logically and legally untenable.
Section 382.35(4), F.S., sets forth a requirement that a certified copy of all or part of any death certificate, excluding that portion which contains the medical certification of cause of death, shall be provided to any person who requests it upon payment of the fee prescribed by that section. This statute requires that a certified copy be provided upon request; the statute does not address the issue of public inspection and examination. Open access to public records is required by Ch. 119, F.S. The general state policy on public records is stated in s119.01, F.S. `It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.' The inspection and examination requirement of Ch. 119 is independent of and additional to the certified copy requirement of s 382.35, F.S., and as discussed above, in order for records not to be subject to the disclosure requirements of the Public Records Law those records must be provided by statutory law to be confidential or they must be expressly exempted by general or special law. Wait v. Florida Power Light Co., supra. Section 382.35 in no way makes death certificates confidential or expressly exempts them from the Public Records Law. Compare subsection (1) of s 382.35, F.S., which provides: `All birth records of this state shall be considered confidential documents and shall be open to inspection only as hereinbefore or hereinafter provided for.' See also s 382.17(1) and (2), F.S., insofar as that section denies open inspection and inhibits or limits issuance of certified copies of certain portions of birth certificates. No such similar provision in Ch. 382 is provided for death certificates. If the Legislature had intended for death certificates to be exempt from disclosure, it could have easily made such records confidential as has been done for birth records.
In anticipation of a contention that there should be a constitutional right of privacy for death certificates, I note that the Florida Supreme Court in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980), rejected the argument that there was a constitutional right of privacy that would prevent public disclosure of papers of a personal nature. After disposing of the federal constitutional claims, the Court concluded also that `there is no support in the language of any provision of the Florida Constitution or in the judicial decisions of this state to sustain [a] finding of a state constitutional right of disclosural privacy.' Id. at 639. Further, on November 4, 1980, a proposed constitutional amendment was approved by the people of Florida. Section 23 of Article I, State Constitution, creating a right of privacy provides:
 Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law. (e.s.)
However, because of the expressly provided exception emphasized above, this constitutional privacy amendment does not operate to limit the public's right of access to public records.
In conclusion, it is therefore my opinion that, unless legislatively amended to provide that death certificates are confidential or are expressly exempt from s 119.07, F.S., such records are subject to the inspection and examination requirements of the Public Records Law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General