Mr. Alan Francis Ruf City Attorney City of Cooper City 2801 East Oakland Park Boulevard Suite 417 Fort Lauderdale, Florida 33306
Dear Mr. Ruf:
This is in response to your request for an opinion on substantially the following questions:
 1. IS THE CITY OF COOPER CITY REQUIRED BY THE PUBLIC RECORDS LAW, CH. 119, F.S., TO PRODUCE FOR INSPECTION AND COPYING INFORMATION COLLECTED BY THE CITY RELATING TO RESIDENCE OF CHILDREN FOR IMPOSITION OF RECREATIONAL ACTIVITY FEES BY THE CITY?
 2. IF THE CITY IS REQUIRED TO PRODUCE SUCH INFORMATION PURSUANT TO THE PUBLIC RECORDS LAW, MAY THE CUSTODIAN OF THESE RECORDS DELETE ADDRESSES AND TELEPHONE NUMBERS OF THE CHILDREN PRIOR TO PRODUCING SUCH INFORMATION?
Your letter states that the City of Cooper City requires independently run sports groups in the city to supply the city's recreation director with the names, addresses and telephone numbers of children participating in sports activities in order to determine whether they are city residents. Those children who are not city residents are required to pay an activity fee which is not required of children who are city residents. The lists containing information regarding the children have been requested by business interests in order to make direct solicitation of the children for various independently run sports programs.
The Public Records Law, Ch. 119, F.S., provides that:
 Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. Unless otherwise provided by law, the fees to be charged for duplication of public records shall be collected, deposited, and accounted for in the manner prescribed for other operating funds of the agency.
Section 119.07(1)(a), F.S. (1982 Supp.). As is stated in s 119.01, F.S., it is the general policy of this state that all state, county and municipal records shall be open for personal inspection by any person at all times. Pursuant to s 119.011(1), F.S., "public records" are defined as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." In the case of Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633, 640 (Fla. 1980), the Florida Supreme Court construed this definition of "public records" and held that, for the purposes of s 119.011(1), F.S., a public record is "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type."
The applicability of Ch. 119, F.S., as amended, to a particular officer, person, or entity depends on whether the individual or entity in question is an "agency" as defined in s 119.011(2), F.S. See, State ex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A.Fla., 1974). Subsection (2) provides:
 "Agency" means any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
Clearly a municipality or a municipal officer or department would come within the purview of the definition of "agency" in s119.011(2), F.S. Therefore, any documents or other material made or received pursuant to law or ordinance or in connection with the transaction of official, municipal business would constitute a public record within s 119.07(1)(a), F.S. (1982 Supp.).
It would appear that lists, such as those described herein, which are compiled by the city or by one of its officers or departments to establish residency for the purpose of determining which individuals will be charged a nonresident activity fee for use of city facilities, would constitute documents made or received in connection with official municipal business, making such lists public records subject to inspection and examination pursuant to s119.07(1), F.S. (1982 Supp.).
As the Florida Supreme Court stated in Wait v. Florida Power 
Light Company, 372 So.2d 420, 425 (Fla. 1979), the Public Records Law "exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law." My research has not revealed any provision of statutory law exempting or excepting the records discussed herein or any part thereof from disclosure pursuant to Ch. 119, F.S., as amended, nor has any such provision been brought to my attention. Cf., s 228.093, F.S., enunciating a right of privacy for pupils and students and their parents or guardians with respect to pupil and student records and reports created, maintained and used by public educational institutions in Florida and excluding from the definition of "records" and "reports" certain "directory information" (as defined in s 228.093[2][e], F.S.), which includes "the pupil's or student's name, address, telephone number if it is a listed number . . ."; AGO 81-78; and s 119.07(3)(k), F.S. (1982 Supp.), which exempts the home addresses, telephone numbers and places of employment of children of law enforcement personnel and the names and location of schools attended by the children of law enforcement personnel. Utilizing the rationale of the Wait case, supra, in the absence of any provision of statutory law exempting such information, lists compiled in connection with official municipal business, such as those examined herein and all portions thereof are subject to inspection and copying pursuant to Ch. 119, F.S., as amended.
Therefore, it is my opinion, until judicially determined otherwise, that the City of Cooper City and its officers or departments constitute an "agency" within the scope of Ch. 119, F.S., as amended, and that information compiled by the city or its departments relating to the identity, residence, addresses, and telephone numbers of children participating in sports activities for the city's use in imposing a nonresident activity fee for the use of city facilities constitutes a "public record" subject to inspection and copying pursuant to s 119.07(1), F.S. (1982 Supp.), and that no statutory exemption applies to exempt such information or any portion thereof from the provisions of s 119.07(1), F.S. (1982 Supp.).
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General