341 So.2d 1000 (1976)
STATE of Florida On the Relation of the CITY OF BARTOW, Florida, Relator,
v.
The PUBLIC EMPLOYEES RELATIONS COMMISSION of the State of Florida et al., Respondents.
No. DD-336.
District Court of Appeal of Florida, First District.
December 21, 1976.
Rehearing Denied January 21, 1977.
*1001 Lucius M. Dyal, Jr. of Schackleford, Farrior, Stallings & Evans, P.A., Tampa, for relator.
Gene L. Johnson and William E. Powers, Tallahassee, for respondents.
SMITH, Judge.
The City of Bartow seeks by writ of mandamus to compel the Public Employees Relations Commission to permit inspection and copying of "all records, affidavits, papers and notes" in the custody of the Commission or its investigator which pertain to the preliminary investigation of an unfair labor practice charge filed by Teamsters Local # 444 against the City. Secs. 447.501,.503, F.S. 1975.[1] The records in question were generated during a preliminary investigation by an agent designated by the Commission to determine if there is substantial evidence indicating a prima facie violation, which if found would result in service on the City of formal charges and notice of a hearing "before the commission or a member thereof, or before a designated agent." Sec. 447.503(1) through (3)(a), F.S. 1975. The preliminary investigation was still in progress when the City's petition for mandamus was submitted.
The City urges that the investigation records are "public records" which, by virtue of the Public Records Act, § 119.07, F.S. 1975, "any person desiring" may inspect and examine "at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee." The term "public records" is defined by the Act as
"... all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." Sec. 119.011(1), F.S. 1975.
The term "agency" as employed in the definition of "public records" includes any state commission and
"... any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any *1002 public agency." Sec. 119.011(2), F.S. 1975.[2]
There can be little doubt that a privately employed or staff investigator acts in behalf of the Commission, a public agency, when pursuant to § 447.503(1) he or she is designated by the Commission to investigate preliminarily a charge of unfair labor practices. The preliminary investigation is as much a statutory function of the agency as a subsequent hearing of formal charges. Sec. 447.503(3)(a), F.S. 1975. It is similarly clear that "records, affidavits, papers and notes" in the custody of the Commission's investigator are "public records" encompassed in the broad definition of § 119.011(1), above quoted. The Commission's resistance to production of the records for inspection rests upon its apprehension that disclosure of investigatory notes, written statements or affidavits of employees and other records of the preliminary investigation will interfere with the preliminary investigation and create an opportunity for employee coercion and retribution by the employer, the employee organization or others affected.
We find nothing in the Public Employees Relations Act, § 447.201, et seq., F.S. 1975, expressing a legislative purpose to shroud investigatory records and exempt them from application of the Public Records Act. Assuming that the investigative materials of a law enforcement agency are exempt from public disclosure because they are, in the terms of the Public Records Act, "public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public," § 119.07(2)(a), F.S. 1975,[3] these records of a civil investigation are not analogous. No provision of the Public Employees Relations Act arguably operates as an exemption to § 119.01, as may the statute controlling examination of union authorization cards signed by employees. Sec. 447.307(2), F.S. 1975; School Board of Marion County v. Public Emp. Rel. Com'n., 334 So.2d 582, 584-85, n. 10 (Fla. 1976) (dictum). On the contrary, § 447.503 evidences a purpose that the product of a preliminary investigation shall be made available, upon request, to a charging party who is dissatisfied with the investigator's dismissal of a charge:
"(3) A charging party whose charge is thus dismissed may appeal to the chairman and one other member of the commission, and if they find substantial evidence of a meritorious charge, that charge shall be reinstated and served pursuant to . .. [specified] procedures... ."
It would hardly be meaningful for a charging party to appeal for reinstatement of a dismissed charge, on the basis of substantial evidence generated in the preliminary investigation, if the charging party is without access to the product of that investigation. Cf. School Board of Marion County, at 584, which disposed of a similar argument for confidentiality of union authorization cards whose authenticity was called into question by the statutory process:
"As we view the statute, the right of challenge would be meaningless if an employer who alleges one of the statutory grounds for invalidation is denied access until the hearing is held."
If, as is apparent, the disappointed charging party must have access to the investigatory materials in order to present a meaningful appeal for reinstatement of a dismissed charge, no reason appears why other interested parties or any other person desiring access to the public records should not have it simultaneously by virtue of § 119.07. There is still more reason for disclosure of witness statements and affidavits and other investigatory materials when the Commission *1003 or its agent determines that substantial evidence indicates a prima facie violation and serves upon the party charged a copy of the charges and a notice of hearing. Sec. 447.503(3)(a), F.S. 1975. Any employee coercion or retribution that results from improper use of disclosed investigatory materials may itself be dealt with as unfair labor practice. Sec. 447.501(1), (2), F.S. 1975; School Board of Marion County, at 585.
Yet it does not follow that the preliminary investigation by the Commission or its agent, designed as a nonadversarial means of winnowing groundless charges, should be interrupted and encumbered by demands for disclosure of investigatory materials as they are accumulated. The Public Records Act does not contemplate that the public and interested parties are entitled to dog the investigator's footsteps and peer at his notes as they are written. Nothing short of an explicit statutory imperative should require the Commission's preliminary investigation to be so compromised. The Public Records Act does not mandate such intrusions into the Commission's preliminary investigation, for it grants public access to the records only "at reasonable times [and] under reasonable conditions." Sec. 119.07(1).[4] To preserve the integrity of the sensitive investigatory process, while giving full effect to statutory policy favoring disclosure, it is appropriate for the Commission and its investigating agent to postpone public disclosure of investigatory materials for a reasonable time until the Commission or investigating agent has either dismissed the charge as groundless or has determined there is substantial evidence of a prima facie violation. At that point the process becomes adversarial; and the time and conditions for public disclosure are then fulfilled without detriment to the investigatory process. If the Commission or its agent permits a preliminary investigation to languish unreasonably, postponing without justification disclosure of public records discoverable under § 119.07, an appropriate application for disclosure may be made to the Commission and its determination reviewed by a district court of appeal. Sec. 120.68, F.S. 1975 (1976 Supp.).
We believe this decision is consistent with Gannett Co., Inc. v. Goldtrap, 302 So.2d 174 (Fla.2d DCA 1974), holding that a written appraisal report, obtained by the county in connection with negotiations for property acquisition, is a public record which must be disclosed under § 119.07 notwithstanding negotiations continued at the time of the disclosure demand. Had the court there determined that the appraiser's field notes, computations and records of interviews with the buyers and sellers of comparable property became public records subject to disclosure instantly upon their creation, Gannett would have the drastic effect contended for it by the City of Bartow in this case. But the Gannett court did not so hold. See also Caswell v. Manhattan Fire & Marine Ins. Co., 399 F.2d 417 (5th Cir.1968).
The petition for writ of mandamus is
DENIED.
McCORD, Acting C.J., and MILLS, J., concur.
NOTES
[1] The Teamsters charged that the City has withheld overtime and holiday pay and other benefits from police employees "because of their activities in support" of the Teamsters Local.
[2] The 1975 Legislature expanded the definition of "agency" to include private persons "acting on behalf of any public agency," and thus removed the principal ground for our decision in State ex rel. Tindel v. Sharp. 300 So.2d 750 (Fla.1st DCA 1974), cert. den., 310 So.2d 745 (Fla. 1975), that a private person contractually engaged by the Duval County School Board to assist in locating a new superintendent was not himself an "agency" whose records were subject to examination under § 119.011, F.S. 1973. See ch. 75-225, Fla.Laws.
[3] See Op.Atty.Gen. 072-168 (1972).
[4] The statute thus ameliorates its more broadly stated purpose to make public records open for inspection "at all times." Sec. 119.01, F.S. 1975.