**Michael T. O'NEILL, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO; Darrell W. Barnes; Director, Division of Labor, Department of Labor and Employment; Bud's All-State Builders; and Colorado Farm Bureau Mutual Insurance Company, Respondents.**

No. 88CA0780.

Colorado Court of Appeals,
Div. V.

March 16, 1989.

Rehearing Denied April 13, 1989.

Certiorari Denied Aug. 14, 1989.

Clifton & Hemphill, P.C., James R. Clifton, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Stephen M. Wells, Rick Chew, Durango, for respondent Darrell W. Barnes.

No appearance for respondents Director, Div. of Labor, Dept. of Labor and Employment, Bud's All–State Builders and Colorado Farm Bureau Mut. Ins. Co.

METZGER, Judge.

Michael T. O'Neill (petitioner) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held that, pursuant to § 8–48–102(1), C.R.S. (1986 Repl.Vol. 3B), he is the statutory employer of Darrell W. Barnes (claimant). We set aside the order and remand the cause with instructions.

This dispute involves the interpretation of the term "to or about a private home" as used in § 8 48 102(1). That statute treats certain owners of real property as statutory employers for purposes of the Workmen's Compensation Act of Colorado, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B), (Act). However, private homeowners who contract out work to be done to or about their private homes are exempted from this definition of statutory employer. The question for review is whether petitioner may be held liable under this statute for injuries sustained by claimant while employed by petitioner's contractor in the construction of an indoor riding arena adjacent to petitioner's private home.

Petitioner's private home is located on a seven-acre lot. Petitioner contracted with Bud's Allstate Builders to construct a riding arena on the lot, approximately 600 feet east of petitioner's house. Petitioner's intent was to use the arena for horseback riding in the winter and also for storage.

Petitioner owned approximately 16 cutting horses and 1 stallion; however, he was not in the business of selling horses or ranching. The horses were purchased for family riding and for show.

Claimant was engaged by Bud's Allstate Builders to work on the construction crew for the arena. He was injured when the arena collapsed. Bud's did not carry workmen's compensation insurance at the time of the injury, and accordingly, claimant sought compensation from petitioner.

The Administrative Law Judge (ALJ) concluded that petitioner was not liable for benefits because, pursuant to § 8–41–106(1)(b), C.R.S. (1986 Repl.Vol. 3B), claimant was a casual employee whose employment was not in petitioner's usual course of business or trade. The ALJ determined that, since claimant was not eligible for benefits under § 8–41–106(1)(b), he was also ineligible for benefits under § 8–48–102(1). Therefore, petitioner was dismissed as a party.

The Panel set aside the ALJ's order, concluding that liability under § 8–48–102(1) was not dependent on meeting the requirements of § 8–41–106(1)(b). The Panel determined that petitioner was not exempt from liability under § 8–48–102(1) because construction of the riding arena did not constitute work "to or about" a private home as envisioned by the statute. This petition for review followed.

Section 8–48–102(1) provides:

*"Except for the owner of a private home who contracts out any work done to or about said home,* every person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor ... shall be deemed to be an employer.... Every such contractor.... as well as his employees, shall be deemed to be an employee, and such employer shall be liable ... to pay compensation for injury or death resulting therefrom to said contractor ... and his employees...." (emphasis added)

█ We agree with the Panel that one can be a statutory employer, liable for benefits, under § 8–48–102(1) even if the work contracted out is casual and not related to the business or profession of the property owner. However, we disagree with the Panel's conclusion that the construction of the arena is not work "to or about" petitioner's private home within the meaning of the statute.

█ Relying in part on our decision in *Betts v. Kempers,* 745 P.2d 283 (Colo. App. 1987), the Panel held that construction of the arena did not constitute work to or about petitioner's private home because this construction was unrelated to the uses of petitioner's residential dwelling. We disagree with this analysis.

In our view, an arena constructed for private use on a residential lot adjacent to a private home should be treated no differently than other, more common, recreational improvements such as swimming pools or tennis courts. We construe the intent of the General Assembly to be that, so long as the improvement is intended for private residential purposes, as distinguished from business purposes, and is located on residential property where one's private home is also located, the private homeowner exemption applies.

We are not persuaded by the Panel's rationale that the arena was larger than petitioner's home and was located some 600 feet away from the home. The dispositive considerations are the location of the improvement and the purpose for which it is to be used. The fact that the improvement is extravagant makes petitioner no less a private homeowner contracting out work to or about his home. Moreover, the fact that the arena is a separate structure is not germane. An unattached garage or a pool-house would also be a separate structure; it would be absurd to conclude that the General Assembly intended that these more common structures would not qualify simply because they are unattached to the home itself.

The order is set aside and the cause is remanded with directions to dismiss the claim for benefits against petitioner.

CRISWELL and HUME, JJ., concur.