David ORGAN, Petitioner,

v.

Norman K. JORGENSEN, Ann Jorgensen, Raymond S. Starck, d/b/a Ray Starck Construction, Inc., and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CE0011.

Colorado Court of Appeals,
Div. V.

June 30, 1994.

Rehearing Denied Aug. 11, 1994.

Certiorari Denied Feb. 13, 1995.

Elrod, Katz, Preeo, Look, Moison & Silverman, P.C., Eldon E. Silverman, Denver, for petitioner.

Hall & Evans, L.L.C., Fredric A. Ritsema, Robin Lee Beattie, Denver, for respondents Norman K. Jorgensen and Ann Jorgensen.

No appearance for respondent Raymond S. Starck.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge NEY.

In this workers' compensation case, we granted certiorari to determine whether the Industrial Claim Appeals Panel properly interpreted the exceptions provided an owner of residential property by § 8–41–402(1), C.R.S. (1993 Cum.Supp.). We affirm the Panel's order.

Claimant, David Organ, was injured on February 18, 1992, while employed by Starck Construction, Inc., to build a new house on the Jorgensens' property. Starck was not insured for workers' compensation at the time of the accident, and claimant sought benefits from the Jorgensens as his statutory employers. The Jorgensens' home was ready for occupancy eight months after the injury and prior to the first hearing.

Initially, the Administrative Law Judge (ALJ) followed the pre–1991 version of the statute and determined that the Jorgensens were liable. However, the Panel set aside that order and remanded to the ALJ for additional findings of fact under the 1991 statutory amendments. On remand, the ALJ denied and dismissed the claim against the Jorgensens, and the Panel affirmed on the basis that the Jorgensens qualified under the exception provided an owner of residential property.

Section 8–41–402(1) was amended in 1991 and now provides in relevant part:

Every person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed to be an employer under the terms of articles 40 to 47 of this title.... Articles 40 to 47 of this title shall not apply to the owner or occupant, or both, of residential real property which meets the definition of a 'qualified residence' under section 163(h)(4)(A) of the Federal 'Internal Revenue Code of 1986', as amended, who contracts out any work done to the property, unless the person performing the work is otherwise an employee of the owner or occupant, or both, of the property.

*See* Colo.Sess.Laws 1991, ch. 219 at 1295–96.

As an exception to the general rule prohibiting non-corporate taxpayers from deducting personal interest, I.R.C. § 163(h) allows the deduction of "qualified residence interest" that is paid on either an acquisition or home equity indebtedness for a "qualified residence."

I.R.C. § 163(h)(4)(A) defines "qualified residence" as: (1) the principal residence of a taxpayer as defined in I.R.C. § 1034, and (2) one other residence of the taxpayer which is selected by the taxpayer for purposes of that subsection for the taxable year, and which is used by the taxpayer as a residence defined in I.R.C. § 280(A)(d)(1). Under I.R.C. § 280(A)(d)(1), a non-rental dwelling must be used for personal enjoyment for at least fourteen days out of the year.

The enforcement regulations under the Internal Revenue Code allow a taxpayer to treat a home under construction as a qualified residence for a period of up to 24 months, but only if the residence becomes a qualified residence, without regard to that regulatory section, as of the time that the residence is ready for occupancy. *See* Treas. Reg. § 1.163–10 T(p)(5).

Claimant asserts that the Jorgensens' home cannot be a "qualified residence" because they had neither accrued nor paid any interest in connection with it prior to the industrial accident. We are not persuaded.

The Panel concluded that by providing for an exemption for the "owner or occupant, or both" of residential real property and defer-

ring to the definition of "qualified residence" as set forth in the Internal Revenue Code, the General Assembly did not intend to exclude property owners who had not taken occupancy by the date of injury or hearing. The Panel instead concluded that the General Assembly intended to provide the non-occupant residential real property owner of a house under construction with the same retroactive protection from liability as provided by the Code's regulations. We agree with the Panel's interpretation.

■■■ A court's primary task in construing a statute is to ascertain and implement the intent of the General Assembly. To discern intent, we look first to the language of the statute, giving effect to the ordinary meaning of the words and phrases used. *Holme, Roberts & Owen v. Industrial Claim Appeals Office,* 800 P.2d 1332 (Colo.App. 1990). In addition, when the General Assembly substantively amends a statute, it is presumed that a change in the law was intended. *Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo. 1989).

■ We agree with the Panel's conclusion that by amending § 8–41–402(1) to incorporate the Code's definition of "qualified residence" set forth in I.R.C. § 163(h)(4)(A), the General Assembly did not intend to incorporate other sections of the Code. Thus, a residence may be a "qualified residence" entitling the owner or occupant to an exception from statutory employment status under § 8–41–402(1) even if the owner or occupant is not claiming an interest deduction under I.R.C. § 163(h) at the time of the injury or hearing on compensability.

The pre–1991 version of the statute, adopted in 1983, created an exemption from statutory employer liability for the "owner of a private home." *See Curry v. Industrial Commission,* 672 P.2d 513 (Colo.1983). This court interpreted the term "private home" to connote a structure that was inhabited or capable of inhabitance. *Betts v. Kempers,* 745 P.2d 283 (Colo.App.1987). Thus, a substantially uncompleted house which was not capable of habitation was excluded from the definition of "private home" and the owner was not entitled to the exemption. *Betts v. Kempers, supra.*

In contrast, § 8–41–402(1), as now in effect, has replaced the term "private home" with the phrase "owner or occupant, or both of residential real property which meets the definition of a 'qualified residence'" under the Internal Revenue Code. Thus, if the General Assembly had intended that the exemption apply only if real estate is occupied or, if under construction, is substantially completed, it could have left intact the prior version of the statute. *See Industrial Commission v. Milka,* 159 Colo. 114, 410 P.2d 181 (1966).

Furthermore, to adopt the contrary rule suggested by the claimant would lead to the incongruous result that owners or occupants of unencumbered residential real property would not be exempted from statutory employment status while owners or occupants choosing to deduct qualified residential interest would be. *Cf. O'Neill v. Industrial Claim Appeals Office,* 778 P.2d 295 (Colo. App.1989) (under pre–1991 version, fact that improvement is extravagant makes an owner no less a private homeowner contracting out work to or about his home). Also, under claimant's interpretation, a property owner's liability would be determined by the arbitrary relationship between an initial date of occupancy and the docketing of cases.

However, we conclude that such incongruous results could not have been intended by the General Assembly. *See Western Gas Processing Co. v. Industrial Claim Appeals Office,* 797 P.2d 823 (Colo.App.1990). To the extent that the interpretation of § 8–41–402(1) adopted by the Panel and this court may be viewed as conflicting with the policy to expedite cases reflected in the short time deadlines adopted in various other sections of the Act, such conflict is for the General Assembly to resolve. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

■ Accordingly, applying these principles here, we conclude that the Jorgensens' residence under construction at the time of injury constituted a "qualified residence" under I.R.C. § 163(h)(4)(A)(i). Therefore, the Jorgensens were exempt from statutory liability under the Workers' Compensation Act, re-

gardless of the fact that they did not actually claim any interest on their tax return.

Order affirmed.

METZGER and SMITH *, JJ., concur.