Jerrell **BROWN**, Petitioner,

v.

**Louis V. MUTO, d/b/a Spearhead Enterprises, and The Industrial Claims Appeals Office of the State of Colorado,** Respondents.

No. 95CA1985.

Colorado Court of Appeals,
Div. I.

Nov. 29, 1996.

Rehearing Denied Jan. 23, 1997.

Certiorari Denied Aug. 25, 1997.

Dawes & Harriss, P.C., Gail C. Harriss, Durango, for Petitioner.

Deitch Legal Services, Simson Unterberger, Jeffrey Deitch, Durango, for Respondent Louis V. Muto.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROY.

Petitioner, Jerrell Brown (claimant), seeks review of a final order of the Industrial Claim Appeals Panel, which determined that respondent, Louis V. Muto, d/b/a Spearhead Enterprises, was not obligated for workers' compensation benefits because the residential real property exemption contained in § 8–41–402(1), C.R.S. (1996 Cum.Supp.) applied to him. We affirm.

Claimant, who occasionally had been employed by respondent as a maintenance man, was injured when he fell off the roof of a barn being constructed on respondent's property. While respondent planned to construct a residence on the property, at the time of the accident, the barn was the only structure on the property. It is undisputed that respondent did not have workers' compensation coverage.

The Administrative Law Judge (ALJ) initially found that claimant was otherwise an employee of respondent and that construction of the barn was not construction of a residence. Accordingly, the ALJ awarded claimant temporary disability benefits, medical benefits, penalties, and interest.

On review, the Panel set aside this order and remanded for additional findings on the issues of whether respondent was the owner or occupant of qualified residential real property and whether claimant was "otherwise"

an employee of the respondent under § 8–41–402(1).

On remand, the ALJ found that construction of the barn constituted work on respondent's private residence, since the barn was intended for private residential purposes, as distinguished from business purposes, and was located on property zoned for residential purposes where respondent's private home was to be constructed. The ALJ further found that claimant was not "otherwise an employee" of respondent at the time of the accident. Accordingly, the ALJ denied the claim for workers' compensation without prejudice.

On review, the Panel modified the order so that the dismissal was with prejudice, and in all other respects affirmed.

Section 8–41–402(1), with exceptions, treats the owner of real property who contracts for work "on and to" the property as the "statutory employer" of the contractor, subcontractor, or their employees.

The statute provides, in pertinent part, as follows:

> Every person ... owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor, subcontractor or person who hires or uses employees in the doing of such work shall be deemed to be an employer under the terms of articles 40 to 47 of this title.

> . . . .

> Articles 40 to 47 of this title shall not apply to the owner or occupant, or both, of residential real property which meets the definition of a 'qualified residence' under section 163(h)(4)(A) of the federal 'Internal Revenue Code of 1986,' as amended, who contracts out any work done to the property, unless the person performing the work is otherwise an employee of the owner or occupant, or both, of the property.

## I.

■ Claimant first contends that the qualified residence property exemption applies only to "statutory employers." That is, if there is, in fact, a direct employer-employee relationship between the claimant and the owner or occupant of the qualified residence, the qualified residential property exemption of § 8–41–402(1) does not apply. We disagree.

Section 8–41–402(1) creates a legal fiction in order to extend workers' compensation benefits. The legal fiction is that contractors and subcontractors, who might otherwise be independent contractors, and their employees, are "employees" of the property owner for workers' compensation purposes while working on a real property improvement. These "employees" are "statutory employees." The statute then carves out an exemption, the "qualified residential property exemption," which is, in our view, broader than the legal fiction.

The plain language of the qualified residential property exemption is to exempt the owner or occupant of a qualified residence from the entirety of articles 40 to 47 of title 8, or the entire Workers' Compensation Act. Had the General Assembly desired to exempt only as to statutory employees, it could have done so.

Thus, we agree with the Panel that the qualified residential property exemption in § 8–41–402(1) applies to direct as well as statutory employment relationships. We conclude that the qualified residential property exemption applies to actual as well as statutory employees of the owner or occupant of qualified residential real property unless the person is otherwise an employee of the owner or occupant.

Consequently, the dispositive issue in determining whether the qualified residential property exemption of § 8–41–402(1) applies here is not whether the owner or occupant of the residential real property can be classified as the actual or statutory employer of the claimant, but whether the property meets the definition of "qualified residence" or the claimant was otherwise an employee of the owner or occupant.

## A.

■ With respect to the first issue, claimant contends that there was insufficient evi-

dence to support the conclusion that respondent met his burden of proof to show that the barn was a "qualified residence" within the meaning of § 8–41–402(1). Again, we disagree.

■ Liability for workers' compensation benefits is dependent on the relationship of the parties at the time a claimant is injured. *See Nye v. Industrial Claim Appeals Office,* 883 P.2d 607 (Colo.App.1994). Thus, as the Panel held, the determination whether respondent is the owner of a qualified residence must be made as of the time of the injury. *Organ v. Jorgensen,* 888 P.2d 336 (Colo.App.1994).

Here, the ALJ's determination is supported by the testimony of respondent and his family as to the planned use of the barn and the ultimate construction of a primary or secondary residence on the parcel. Thus, since the ALJ's determination is supported by substantial evidence, it is binding on review. *See Martinez v. Regional Transportation District,* 832 P.2d 1060 (Colo.App.1992). Furthermore, claimant has failed to supply any authority that suggests that construction of the residence must precede the construction of a barn or other out-buildings for the intended use to be for private residential purposes.

### B.

■ With respect to the second issue, claimant asserts that the Panel erred in concluding he was not otherwise an employee of the respondent as contemplated by § 8–41–402(1). We do not address this issue. An appellate court may not consider an issue that was not first raised before the Panel. *Lindner Chevrolet v. Industrial Claim Appeals Office,* 914 P.2d 496 (Colo.App.1995). The ALJ found that claimant was not "otherwise an employee" of respondent and claimant did not challenge this determination before the Panel. Accordingly, that issue was not preserved for our review. *Cf. In re Marriage of Everhart,* 636 P.2d 1321 (Colo. App.1981).

### C.

■ Claimant requests that we decline to follow the decision of a division of this court in *Organ v. Jorgensen, supra,* which held that the qualified residential real property exemption may apply regardless of whether the owner or occupant is actually claiming an interest deduction at the time of the injury. We reject his request.

Claimant does not present any persuasive argument or authority indicating that departure from the rule announced in *Organ v. Jorgensen, supra,* is warranted.

### II.

■ Claimant also argues that the Panel's interpretation of § 8–41–402(1) violates the equal protection guarantees of the United States and Colorado constitutions. We disagree.

The threshold issue in an equal protection challenge is whether application of § 8–41–402(1) results in dissimilar treatment of similarly situated individuals. *See Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994). Claimant has failed to establish that threshold.

In our view, as previously expressed, the qualified residential real property exemption of § 8–41–402(1) applies to both direct and statutory employees of the owner or occupant of qualified residential real property. Therefore, the statute treats these two classes of workers similarly.

Claimant objects to the disparate treatment of those workers employed directly by the owner or occupant of qualified residential real property for work on the property and those working on the same project who are eligible for workers' compensation benefits from their employers, who are contractors and subcontractors on the same project. Claimant does not, however, argue there is no rational difference between an owner or occupant of qualified residential real property and a person who is a contractor or subcontractor in the construction or remodeling business.

The distinction at issue in claimant's argument is between the owner or occupant of

qualified residential real property who contracts for labor and other property owners or occupants who contract for labor. *See O'Neill v. Industrial Claim Appeals Office,* 778 P.2d 295 (Colo.App.1989) (construing predecessor to § 8–41–402(1) which applied to "private home"); *see generally* 1C A. Larson, *Workmen's Compensation Law* § 50.22 (1995).

The qualified residential real property exemption is consistent with the general exclusion from the class of "employee" of those workers whose employment is casual and not in the usual course of the trade, business, profession, or occupation of the employer. Section 8–40–202(1)(b), C.R.S. (1996 Cum. Supp.). Thus, we conclude that owners of other real property are not similarly situated to owners or occupants of qualified residential real property. *Cf. Naiden v. Epps,* 867 P.2d 215 (Colo.App.1993) (addressing constitutionality of § 8–40–302(4), C.R.S. (1996 Cum.Supp.)). The exemption is compatible with the normal expectations of property owners who contract with craftsmen and artisans for work on residential properties.

To the extent that there may be merit to claimant's argument that the qualified residential real property exemption is not consistent with the domestic help exclusion for workers who are not regularly employed on a full-time basis, *see* § 8–40–302(4), C.R.S. (1996 Cum.Supp.), that is an issue within the discretion of the General Assembly. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985) (only General Assembly can change workers' compensation statute).

Order affirmed.

METZGER and HUME, JJ., concur.