David WHITE, Petitioner–Appellant,

v.

**CITY OF COLORADO SPRINGS and Carla L. Hartsell, Respondents– Appellees.**

No. 96CA0655.

Colorado Court of Appeals, Div. III.

July 10, 1997.

Rehearing Denied Aug. 7, 1997.

Certiorari Granted Jan. 26, 1998.

John Turner, John L. Maska, Colorado Springs, for Petitioner–Appellant.

James G. Colvin, II, City Attorney, Stacy L. Rouse, Senior Litigation Attorney, Colorado Springs, for Respondents–Appellees.

Opinion by Judge ROY.

Petitioner, David White, appeals from an order of the district court denying his request pursuant to the Colorado Open Records Act (CORA) for inspection of a report prepared by an outside consultant to the respondent, City of Colorado Springs (City). We reverse and remand the cause to the trial court with directions.

Petitioner made a request to the City for a copy of the report of an outside consultant commissioned by the appointed director of the Community Services Department. The report was part of, and incidental to, an internal evaluation of the Industrial Training Division of the Community Services Department. The report was not generated at the request of, for the benefit of, nor was a copy of the report delivered to, any elected official or body.

The City produced copies of the contract for services with the consultant but refused to produce a copy of the report. The City claimed the report was pre-decisional and deliberative and, thus, was protected under a "deliberative process privilege." Petitioner then filed this action to compel the City to permit inspection of the report.

The trial court found that the report was not subject to disclosure under a provision of CORA, § 24–72–204(3)(a)(IV), C.R.S. (1988 Repl.Vol. 10B), which provides that a custodian of public records may deny inspection of "privileged information...."

Petitioner raises two contentions of error: (1) that the trial court erred in finding that Colorado recognizes a deliberative process privilege for public records and (2) that this report is not deliberative in nature and, therefore, would not fall under such a privilege, even if recognized in Colorado. We agree with petitioner that there was no common law deliberative process privilege at the time of petitioner's request or the court order. Thus, the trial court erred in denying the requested relief.

In passing CORA, § 24–72–201, C.R.S. (1988 Repl.Vol. 10B), the General Assembly declared that, with certain specified exceptions, it is "the public policy of this state that all public records shall be open for inspection by any person at reasonable times.... " Unless there exists a legitimate reason for non-disclosure, any member of the public is entitled to review all public records. *Denver Publishing Co. v. Dreyfus*, 184 Colo. 288, 520 P.2d 104 (1974).

At all times relevant to this appeal, "public records" were defined in Colo. Sess. Laws 1977, ch. 340, § 24–72–202(6) at 1250 as:

all writings made, maintained, or kept by the state or any agency, institution, or political subdivision thereof for use in the exercise of functions required or authorized by law or administrative rule or involving the receipt or expenditure of public funds [exclusive of] criminal justice records.

■ The burden of proving a privilege rests with the record custodian. *Denver Post Corp. v. University of Colorado,* 739 P.2d 874 (Colo.App.1987).

■ The City directs us to federal authority recognizing a deliberative process privilege but we can find no corollary authority in Colorado law. Most of the federal authority arises under a provision of the Freedom of Information Act, 5 U.S.C. § 552(b)(5) (1994), which protects certain inter-agency or intra-agency memorandums and letters generated in the course of formulating agency decisions on legal and policy matters. *See, e.g., National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

■ When Colorado adopted CORA, the General Assembly did not include a provision similar to 5 U.S.C. § 552(b)(5). While federal law may recognize a common law deliberative process privilege, it does not follow that states must also recognize such a privilege, and a number of states have declined to do so. *See State ex rel. City of Bartow v. Public Employees Relations Commission,* 341 So.2d 1000 (Fla.App.1976); *District Attorney v. Flatley,* 419 Mass. 507, 646 N.E.2d 127 (1995); *Missouri Protection & Advocacy Services v. Allan,* 787 S.W.2d 291 (Mo.App. 1990); *State ex rel. District 1199, Health Care & Social Service Union v. Gulyassy,* 107 Ohio App.3d 729, 669 N.E.2d 487 (Ohio App.1995); *contra Capital Information Group v. State,* 923 P.2d 29 (Alaska 1996).

We decline the invitation to create or recognize an expansive common law deliberative process privilege for public records. *See* CRE 501.

We find support for our position in the substantial and specific changes made by the General Assembly effective April 8, 1996, exempting from the definition of public records, "work product prepared for elected officials." Section 24–72–202(6)(b)(II), C.R.S. (1996 Cum.Supp.). "Work product" is defined as "all intra- or inter-agency advisory or deliberative materials assembled for the benefit of elected officials, which materials express an opinion or are deliberative in nature and are communicated for the purpose of assisting such elected officials in reaching a decision within the scope of their authority." Section 24–72–202(6.5), C.R.S. (1996 Cum.Supp.).

■ When the General Assembly substantively amends a statute, it is presumed that a change in the law was intended. *Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo.1989); *Organ v. Jorgensen,* 888 P.2d 336 (Colo.App. 1994). It would appear, and the City agrees, that the General Assembly intended to limit, not expand, access to public documents. The parties agree that the document in question is not "work product" within the meaning of the amended statute.

Creation or recognition of a broad common law deliberative privilege in the face of conflicting public policy considerations is inappropriate, especially where, as here, the General Assembly initially declined to create any such privilege at the time CORA was adopted and later created a limited statutory deliberative process privilege which does not cover the document in question. *See Sherman v. District Court,* 637 P.2d 378 (Colo. 1981). Therefore, we hold that there is no common law deliberative process privilege available to protect from disclosure public documents otherwise open pursuant to § 24–72–204(3)(a)(IV).

The order of the trial court is reversed and the cause is remanded for entry of an order requiring the City to grant the petitioner the right to inspect and copy the report in accordance with CORA.

HUME and CASEBOLT, JJ., concur.