Barbara **THORNBURY** and Bob **Thornbury**, Plaintiffs–Appellees,

v.

Jack C. **ALLEN**, Defendant–Appellant.

No. 98CA1658.

Colorado Court of Appeals, Div. I.

Oct. 28, 1999.

Law Office of Lynne Sholler, P.C., Lynne M. Sholler, Breckenridge, Colorado, for Plaintiffs–Appellees.

Dunn, Abplanalp & Mauriello, P.C., John W. Dunn, Carrie Hendon O'Neil, Jerry W. Hannah, Vail, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Jack C. Allen, appeals from the judgment entered on a jury verdict in favor of plaintiffs, Barbara Thornbury (Thornbury) and Bob Thornbury (husband). We remand with directions.

Thornbury was injured when a glass shelf fell on her foot while she was supervising the cleaning of Allen's condominium at Beaver Run. It is undisputed that Allen rented out the property and that it was not his private residence. Thornbury received workers' compensation benefits for the injuries through the insurance of her employer, Village Resorts, Inc. (VRI). VRI is a management company that contracted with Allen to provide service to him as an owner of a condominium in the Beaver Run Homeowners' Association (Association), including housekeeping services.

Thornbury and her husband thereafter brought this civil action against Allen, VRI, and the Association, asserting claims described as negligence. VRI and the Association were dismissed from the case as the subcontractor and statutory employer having immunity under the Workers' Compensation Act (Act), § 8–40–101, et seq., C.R.S.1999. Allen also filed a motion to dismiss, arguing that the Act provided Thornbury's exclusive remedy and that he was entitled to immunity on the same basis as the Association and VRI. After considering Thornbury's response, the trial court denied Allen's motion.

Allen later filed a motion, which was initially granted, to join VRI as a third-party defendant, seeking contribution and indemnity based upon his contract with VRI. Although VRI supported Allen's exclusivity argument, it argued that there was no contractual basis for indemnity and no legal basis for contribution. VRI moved for, and was granted, dismissal of the third-party complaint.

The matter proceeded to a jury trial, and identical verdicts on the issues of premises liability and negligence were returned. Thornbury was awarded $2800 for non-economic losses and $121,850 for economic losses. Husband was awarded $10,000 for loss of

consortium. The jury assessed 45% comparative negligence to Thornbury, and the awards were accordingly reduced. Allen's post-trial motion was denied.

## I.

Allen first contends that the exclusivity provisions of the Act apply and that, therefore, the trial court erred in refusing to dismiss the civil action against him. He argues that he is in the rental business and, therefore, was Thornbury's statutory employer and immune from civil suit. We conclude that remand for reconsideration and further findings is necessary for resolution of this issue.

So long as the insurance provisions of the Act have been complied with, workers' compensation recovery is an employee's exclusive remedy against an employer for a work-related injury. *Bailey v. C.P. Construction, Inc.,* 837 P.2d 277 (Colo.App.1992). Unless there is an actual employment relationship, an employer must be a "statutory employer" as contemplated by the Act to be afforded immunity from common law liability. *Finlay v. Storage Technology Corp.,* 764 P.2d 62 (Colo.1988).

### A.

Section 8–41–402(1), C.R.S.1999, provides that any person, company, or corporation owning any real property or improvements thereon that contracts out any work done on and to that property to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed an employer under the provisions of the Act.

Generally, that subsection of the statute protects landowners from common law liability if their contractors are insured. *University of Colorado v. Graham,* 807 P.2d 1204 (Colo.App.1990).

Here, it is undisputed that Allen owned real property and contracted out the management of that property to VRI. VRI maintained workers' compensation insurance, as required by its contract with Allen. Thus, Allen indirectly satisfied the requirement for workers' compensation insurance. *See Colorado Springs v. Ellsworth,* 187 Colo. 193, 529 P.2d 646 (1974) (evident purpose of predecessor to § 8–41–402 was to protect landowner from common law liability if he required his contractor to carry approved workers' compensation insurance); *see also Stewart v. Industrial Commission,* 163 Colo. 12, 428 P.2d 367 (1967). Accordingly, Allen was Thornbury's statutory employer under § 8–41–402, C.R.S.1999.

However, the Act does not apply to the owner or occupant, or both, of residential real property which meets the definition of a "qualified residence" under the federal Internal Revenue Code, unless the person performing the work is "otherwise an employee of the owner or occupant, or both." Section 8–41–402(1); *see, e.g., Organ v. Jorgensen,* 888 P.2d 336 (Colo.App.1994) ("qualified residence" is defined as principal residence and one other residence, which is selected by the taxpayer for purposes of the relevant subsection and used as a residence as defined in the Code).

Because the trial court here did not apply § 8–41–402(1) in the first instance, it did not make any findings to resolve the disputed issue whether this exemption from statutory employment applies.

Accordingly, the case must be remanded for the factual determination whether Allen is excepted as a statutory employer under § 8–41–402(1) because he is the owner of a "qualified residence," which has a specific definition under the Internal Revenue Code. The determination whether real property constitutes a "qualified residence" must be made as of the time of the injury, and the burden of proof is on the party asserting that the property meets the definition of a "qualified residence." *Brown v. Muto,* 943 P.2d 38 (Colo.App.1996).

### B.

However, even if it is determined that Allen is the owner of a "qualified residence," Thornbury may be "otherwise an employee" of Allen, and, if so, Allen is entitled to immunity on that basis. *See* § 8–41–402(1) (Act does not apply to owner of qualified resi-

dence unless person performing work is "otherwise an employee" of the property owner).

Allen argued that he was entitled to immunity as a statutory employer under § 8–41–401(1)(a), C.R.S.1999. That section applies to persons or companies that conduct a business by contracting out "any part or all of the work thereof." Both the subcontractor and the subcontractor's employees are deemed "employees" under the Act. Section 8–41–401(1)(b), C.R.S.1999.

■ The determination whether a person or entity is a statutory employer under § 8–41–401(1)(a) is a question of fact. *Finlay v. Storage Technology Corp., supra.*

Here, in considering Allen's asserted statutory employer status under § 8–41–401(1)(a), the trial court found that Allen was not in privity with Thornbury and did not contract directly with her. The court also concluded that, since Allen was "simply having his condominium cleaned," he was not "engaged in or conducting any business by ... contracting out any part or all of the work thereof."

■ However, the point at which ownership of leased or rented property becomes a business within the Workers' Compensation Act is a question of fact. *Sorenson v. Industrial Commission,* 598 P.2d 362 (Utah 1979). And, the trial court here did not adequately consider in the first instance whether Allen was conducting a business by the rental of his condominium.

Secondly, in *Finlay v. Storage Technology Corp., supra,* the supreme court adopted a broad standard for the determination whether statutory employment exists for a person conducting a business by contracting out part of its work. That test, assuming that the employer otherwise is conducting a business, is whether the work contracted out is part of the employer's "regular business" as defined by the total business operation.

■ We note that, although one can demonstrate the importance of contracted services to the employer by establishing that the employer maintains control over the employee, the statutory employment relationship is not predicated on a finding of employer control. *Finlay v. Storage Technology*

*Corp., supra.* Therefore, contrary to Thornbury's arguments, statutory employment was not precluded here simply because VRI was her direct employer. *See M & M Management Co. v. Industrial Claim Appeals Office,* 979 P.2d 574 (Colo.App.1998) (one purpose of statute is to prevent employers from avoiding responsibility under the Act by contracting out their regular work to uninsured independent contractors rather than hiring the worker directly); *Stewart v. Industrial Commission, supra; see also Carpet Exchange of Denver, Inc. v. Industrial Claim Appeals Office,* 859 P.2d 278 (Colo.App.1993) (independent contractors may be deemed employees under §§ 8–41–401 and 8–41–402).

Thus, if we assume, without deciding, that Allen was in the rental business, then the trial court did not properly address the *Finlay* factors to determine whether Allen was entitled to statutory immunity under § 8–41–401(1)(a). We reject Thornbury's unsupported argument that because Allen was a physician he could not also be a statutory employer by proper application of *Finlay.*

■ Accordingly, the finding that Allen was not Thornbury's statutory employer cannot stand and the matter also must be remanded to the trial court for reconsideration of the issue whether he was entitled to statutory immunity because Thornbury was "otherwise an employee" of Allen. Specifically, the court should determine, under *Sorenson,* whether Allen was in the rental business and, if so, under *Finlay,* whether the work performed by Thornbury was part of Allen's "regular business." In particular, in this case, the trial court, at a minimum, should examine Allen's rental agency agreement with VRI to determine whether Thornbury was performing services on the date of the injury which fell under that contract.

## C.

■ Further, the "dual capacity" doctrine, which provides that an employer otherwise immune under the Act can be sued if he or she possesses a second identity which generates legal obligations unrelated to this status as employer, has not been expanded beyond the context of a medical malpractice

claim. *See Rodriguez v. Board of Directors,* 917 P.2d 358 (Colo.App.1996). Thus, we also reject the argument that Allen nevertheless remained liable under that doctrine.

## II.

Among the additional issues raised by Allen that will be pertinent if the court again determines that he is not entitled to statutory immunity under the Act is his assertion that the trial court erred in instructing the jury on negligence as well as premises liability. He also contends that the jury was required to find in his favor once it found that Thornbury had assumed the risk of injury. We disagree.

■■■ A plaintiff may recover against a landowner only pursuant to § 13–21–115, C.R.S.1999 (premises liability statute) and not under any other theory of negligence, general, or otherwise. *Casey v. Christie Lodge Owners Ass'n,* 923 P.2d 365 (Colo.App. 1996); *see also Sofford v. Schindler Elevator Corp.,* 954 F.Supp. 1459 (D.Colo.1997).

■■■ A trial court's determination of the form and style in which instructions will be given to the jury will not be overturned absent an abuse of discretion. All instructions must be considered together and if they adequately inform the jury of the law, there is no reversible error. *Williams v. Chrysler Insurance Co.,* 928 P.2d 1375 (Colo.App. 1996).

Here, Thornbury submitted the instructions establishing the elements of negligence because she believed that it was an alternative basis for her claim in the event that the jury did not find premises liability. The trial court granted the request because both claims had been addressed during the trial. However, the court further ruled that under *Casey v. Christie Lodge Owners Ass'n, Inc., supra,* Thornbury would have to prove premises liability before the question of negligence could be addressed.

The court rejected the jury verdicts that would have allowed the jury to find for Thornbury on the negligence claim even if it found for Allen on the claim for premises liability. It specifically instructed the jury to consider the alternative claim for negligence only if it found that there was premises liability. The court also instructed the jury that it could only award damages once for the same injury.

■■■ In denying Allen's post-trial motion, the trial court concluded that, because the jury returned verdicts on both premises liability and negligence, the error in instructing on negligence was harmless. The court also found that, while the standard of care differs for the two claims, the definitions were not mutually exclusive or contradictory and the jury could have reasonably found that Allen's conduct breached both standards of care without being inconsistent.

■■■ Allen also had argued that the jury was required to find for him once they determined that Thornbury assumed the risk, and the trial court erroneously allowed the submission of such an instruction. However, after a review of all of the relevant instructions, the court found that the jury was correctly instructed on comparative negligence and that it properly apportioned damages consistent with the finding that Thornbury had assumed 45% of the risk. The court therefore concluded that the error in incorrectly instructing on the effect of assumption of risk was harmless.

We agree with the conclusions expressed by the trial court and, thus, find no abuse of discretion in the rulings regarding jury instructions.

The cause is remanded with directions for reconsideration of the statutory employment issue. In view of the fact that the parties submitted this issue to the trial court, it again should be determined in that posture. If, on remand, the court finds that Allen is entitled to immunity under the Act, then the court must enter judgment for Allen. If the trial court upon reconsideration determines that Allen is not a statutory employer, then, subject only to Allen's right to appeal that determination, judgment entered on the jury verdict shall stand affirmed.

Judge METZGER and Judge CRISWELL concur.