**Barbara THORNBURY and Bob Thornbury, Plaintiffs–Appellants,**

v.

**Jack C. ALLEN, Defendant–Appellee.**

**No. 00CA1533.**

Colorado Court of Appeals,
Div. I.

June 21, 2001.

Rehearing Denied July 26, 2001.

Certiorari Denied Jan. 22, 2002.

---

Law Office of Lynne Sholler, P.C., Lynne M. Sholler, Durango, CO, for Plaintiffs–Appellants.

Dunn & Abplanalp, P.C., John W. Dunn, Vail, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiffs, Barbara Thornbury (Thornbury) and Bob Thornbury, appeal from the judgment in which the trial court determined that their claims against defendant, Jack C. Allen, were barred by the exclusive remedy provisions of the Colorado Workers' Compensation Act (Act), § 8–40–101, et seq., C.R.S. 2000. Using reasoning somewhat different from that of the trial court, we affirm.

Allen owned a condominium at a resort, which was placed in a rental pool with other units. Allen entered into a rental agency agreement with V.R.I. of Colorado, Inc. (VRI). VRI was obligated to provide Allen with housekeeping services and to provide workers' compensation insurance to protect its employees. During 1994, Allen's unit was rented 181 days and used 37 days by him or his guests. Allen claimed a deduction for interest on the unit as a "qualified residence" for income tax purposes.

Thornbury was injured when she inspected and then attempted to clean some glass shelving in Allen's unit, after the departure of a renter and before the arrival of his guest. Plaintiffs alleged that Thornbury was injured during the scope of her employment with VRI, and they received workers' compensation benefits under VRI's insurance.

Plaintiffs also sued Allen for additional damages. In a prior appeal, a division of this court reversed a judgment in favor of plaintiffs and determined that, because he was an owner of real property and contracted with a third party for its management, Allen was a statutory employer under § 8–41–402(1), C.R.S.2000. The trial court was instructed to reconsider whether, regardless of his status as a statutory employer under § 8–41–402(1), Allen was exempted from the exclusive remedy provisions of the workers' compensation scheme because his condominium was a "qualified residence" within the meaning of the Act. See Thornbury v. Allen, 991 P.2d 335 (Colo.App.1999).

The division recognized, however, that even if Allen was determined to be the owner of a qualified residence, he was nevertheless entitled to immunity from tort liability if Thornbury was "otherwise an employee" of

Allen. The division instructed the trial court to determine whether Allen was conducting a business under the Act, as described in § 8–41–401(1)(a), C.R.S.2000, and, if so, whether the work performed by Thornbury was part of Allen's regular business. The trial court was also instructed to determine whether, on the date of the injury, Thornbury was performing services that came within the rental agency agreement.

On remand, relying on *Organ v. Jorgensen,* 888 P.2d 336 (Colo.App.1994), the trial court noted that the Act does not incorporate definitions contained in the Internal Revenue Code and determined that Allen's condominium did not constitute a "qualified residence" within the meaning of the Act because it was rented out nearly half of the year. The court also concluded that Allen was conducting a business under the Act by renting out his condominium, that housekeeping services were part of that regular business, and that Thornbury was performing services under the rental agency agreement when she was injured.

Accordingly, the trial court determined that Allen was not exempt from the provisions of the Act and, therefore, plaintiffs' remedies were limited to the exclusive provisions of that Act. This second appeal followed.

## I.

Section 8–41–402(1) provides, in pertinent part, that an owner of real property may be covered by the Act in some circumstances:

> [The Act] shall not apply to the owner or occupant, or both, of residential real property which meets the definition of a "qualified residence" under section 163(h)(4)(A) of the Federal "Internal Revenue Code of 1986" [I.R.C.], as amended, who contracts out any work done to the property, unless the person performing the work is otherwise an employee of the owner or occupant, or both, of the property.

Thus, plaintiffs' claims against Allen will be precluded if the condominium was not a "qualified residence" or if Thornbury was "otherwise an employee."

## A.

Plaintiffs first contend that the trial court erred in concluding that the condominium unit was not a qualified residence. We agree.

Here, the trial court found that Allen's condominium unit was rented out nearly half of the days of the year in 1994. The court concluded that the extensive nature of that rental use precluded a finding that the condominium was Allen's second residence. However, this conclusion is contrary to the plain language of I.R.C. §§ 163(h)(4)(A) and 280A(d)(1).

I.R.C. § 163(h)(4)(A) defines "qualified residence" as the "principal residence" and "one other residence" selected and used by the taxpayer for personal enjoyment in accordance with § 280A(d)(1). *See Organ v. Jorgensen,* 888 P.2d at 337. Under § 280A(d)(1), a taxpayer uses a dwelling unit as a residence if such unit is used for personal purposes for more than fourteen days or ten percent of the number of days for which the unit is rented at fair value.

It is true that this court has concluded that the qualified residence provision of § 8–41–402(1) does not incorporate *other* definitions in the I.R.C. Therefore, for example, whether a property was a qualified residence for purposes of the Act does not depend upon whether the owner claimed a mortgage interest deduction related to the residence on his tax return. *Organ,* 888 P.2d at 338; *see Colorado AFL–CIO v. Donlon,* 914 P.2d 396, 399 (Colo.App.1995).

However, § 280A(d)(1) of the I.R.C. is incorporated by reference *within* the definition of "qualified residence" as set forth in § 163(h)(4)(a). Therefore, by its plain terms, and contrary to Allen's contention, the requirements of § 280A(d)(1) are part of the I.R.C. definition of "qualified residence" under § 8–41–402(1).

Thus, because it is undisputed that, during 1994, Allen's condominium unit was used for personal purposes for more than ten percent of the number of days for which the unit was rented at fair value, the unit was a qualified residence under § 8–41–402(1). Therefore, as the owner of a qualified resi-

dence, Allen would not be immune from tort liability under the Act.

### B.

However, even if Allen is the owner of a qualified residence, he is entitled to immunity from tort liability under the Act if Thornbury was "otherwise an employee" of Allen. *Thornbury v. Allen,* 991 P.2d at 338–39.

The determination whether Thornbury was "otherwise an employee," as that phrase is used in § 8–41–402(1), turns on the meaning of the word "otherwise." "Otherwise" means different, under different circumstances, in a different way or manner, in other respects. *Webster's Third New International Dictionary,* 1598 (1986).

 Applying the plain meaning of the word, we conclude that "otherwise an employee" as used in § 8–41–402(1) means a person who is an employee under a statutory provision of the Act other than § 8–41–402(1). Therefore, although the owner of a qualified residence is exempt from coverage under the Act when he contracts out work on his residence, he is not exempt from coverage if he is carrying on a business in the residence and the work contracted out is part of his regular business.

Here, as discussed more fully below, the trial court applied the standard set forth in *Finlay v. Storage Technology Corp.,* 764 P.2d 62 (Colo.1988), and properly determined that Allen was Thornbury's statutory employer under § 8–41–401(1)(a). Therefore, Thornbury was an employee of Allen under that section.

### II.

In determining whether Allen was a statutory employer under § 8–41–401(1)(a), the trial court concluded that Allen was conducting a rental business because his unit was rented as part of a 438–unit rental pool. Plaintiffs do not challenge that determination on appeal. Plaintiffs contend, however, that the court erred in determining that the work that Thornbury performed on the date of injury was part of Allen's "regular business," as contemplated by the rental agency agreement with VRI. We disagree.

 The test for determining whether an alleged employer is a "statutory employer" under § 8–41–401(1)(a) is whether the work contracted out is part of the employer's "regular business" as defined by its total business operation. In applying this test, courts should consider the elements of routineness, regularity, and importance of the contracted service to the regular business of the employer. *Finlay,* 764 P.2d at 67.

Here, the trial court found that the work performed by Thornbury was part of Allen's regular business. The court reasoned that the provision of housekeeping services to a condominium rental unit in a rental pool, like maid service in a hotel room, necessarily is routine, regular, and essential to the condominium rental business. The court took judicial notice that hotels everywhere utilize their own employees to do housekeeping services.

The trial court further found, with record support, that when Thornbury was cleaning and inspecting the condominium after the departure of a paying guest, she was performing services under the agreement with VRI. The evidence showed that rental units were regularly inspected, as well as cleaned, by VRI's employees prior to the arrival of an owner or his guest in order to maximize owner satisfaction. VRI's obligation to provide housekeeping services was not dependent upon the amount of rent, if any, charged to a guest of the owner.

 Thus, the *Finlay* requirements for regularity, routineness, and importance of that service were satisfied even though an inspection after cleaning was not explicitly required under the rental agency agreement.

Accordingly, even though Allen's condominium was a qualified residence under § 8–41–402(1), the Act applied to Thornbury because Allen was in the rental business and Thornbury otherwise was an employee of Allen under § 8–41–401(1)(a). Consequently, plaintiffs' claims against Allen were precluded, and Thornbury's exclusive remedy was the compensation she received under the Act.

*See generally Aspen Highlands Skiing Corp. v. Apostolou,* 866 P.2d 1384, 1386 (Colo.1994).

The judgment is affirmed.

Judge METZGER and Judge ROY, concur.