Jo Ann CASEY, Plaintiff–Appellant,

v.

CHRISTIE LODGE OWNERS ASSOCI-
ATION, INC., a Colorado corpora-
tion, Defendant–Appellee.

No. 95CA1450.

Colorado Court of Appeals,
Div. V.

May 30, 1996.

Rehearing Denied July 11, 1996.

Frederick W. Newall, Colorado Springs, for Plaintiff–Appellant.

Wells, Anderson & Race, LLC, Geoffrey S. Race, Denver, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

Plaintiff, Jo Ann Casey, appeals the summary judgment entered against her and in favor of defendant, Christie Lodge Owners Association, Inc. (Christie), on her claim of negligence. Plaintiff also appeals the trial court's order denying her request to amend the complaint. We affirm.

Plaintiff's complaint alleged that she was injured while a guest at Christie Lodge when a storage door under a bunk bed opened and struck her in the shin as she was walking by.

After conducting discovery, Christie filed a motion for summary judgment in which it asserted there was an absence of evidence that it actually knew or should have known of a danger associated with the storage door. The trial court granted Christie's motion and, at the same time, denied plaintiff's request to amend her complaint.

## I.

Plaintiff first contends that the trial court erred in granting summary judgment. We disagree.

Summary judgment is appropriate when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cung La v. State Farm Automobile Insurance Co.*, 830 P.2d 1007 (Colo.1992).

■ When a party moves for summary judgment on an issue upon which the party would not bear the burden of persuasion at trial, the moving party's initial burden of production may be satisfied by showing an absence of evidence in the record to support the non-moving party's case. The burden then shifts to the non-moving party to establish a triable issue of fact and failure to meet that burden will result in summary judgment in favor of the moving party. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987).

Section 13–21–115, C.R.S. (1995 Cum. Supp.) sets forth the standards under which a landowner may be held liable for conditions of the property or for activities conducted there and requires the court to determine the status of the person seeking recovery. Here, there was no dispute that plaintiff's status was that of an invitee. Thus, in order to recover on her claim, plaintiff would have to prove that Christie violated the statutory standard of care for a landowner with respect to an invitee set forth in § 13–21–115(3)(c)(I), C.R.S. (1995 Cum.Supp.).

That statute provides, in relevant part, that an invitee can recover for damages "caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known."

■ In its motion for summary judgment, Christie attached an excerpt from the deposition of its Assistant General Manager and Chief Financial Officer. She testified that there had never been any reported incidents at Christie Lodge of bunk bed storage doors opening on their own.

Christie also attached portions of the deposition transcript of its head of maintenance at Christie Lodge. That individual, who had performed maintenance at Christie Lodge for approximately ten years, testified that both before and after the alleged incident, they had "never had a problem with [the storage doors] falling open."

Finally, Christie also attached responses to interrogatories executed by Christie's General Manager indicating that there had never been an accident at Christie Lodge similar to that alleged by plaintiff.

In our view, this evidence submitted by Christie satisfied its initial burden of produc-

tion on the issue of whether it knew or should have known of a danger relating to the storage doors and shifted the burden to plaintiff to establish a genuine issue of material fact. *See Continental Air Lines, Inc. v. Keenan, supra.*

In a two-page response to Christie's summary judgment motion, plaintiff referenced a portion of the transcript from the deposition of the head of maintenance in which he testified that approximately two months before the alleged accident, a maintenance employee of Christie installed two "latches" or "catches" on the storage doors in question.

Plaintiff argues that this evidence of a repair created genuine issues of fact as to whether the repair was adequate, and thus should have precluded summary judgment. This argument might be persuasive had there been any evidence of a prior accident involving the storage doors, of the storage doors falling open, or of some other basis by which Christie either knew or should have known of a danger associated with the storage doors. It also might have merit if plaintiff had adduced any evidence that the reason for repair of the door catches had anything to do with the storage door falling open, that the replacement catches were themselves defective, or that their installation was substandard.

However, plaintiff presented no such evidence. Indeed, as indicated in the trial court's order, plaintiff failed to correlate the repair to any evidence that Christie knew or should have known of a danger associated with the doors. The trial court concluded there was "no support for the conjecture that [Christie] should have known of the danger."

■ When a court is considering a summary judgment motion, the non-moving party is entitled to all favorable inferences that may reasonably be drawn from the undisputed facts. *See Trinity Broadcasting of Denver, Inc. v. Westminster,* 848 P.2d 916 (Colo. 1993). However, here, the evidence of the repair alone, without some evidence of the reason for the repair or that the repair created any hazard, is insufficient to create a genuine issue of material fact concerning whether Christie knew or should have known of a danger relating to the doors. Thus, we conclude that the trial court acted correctly in granting Christie's motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (if no genuine issue of fact exists as to an essential element of plaintiff's case, summary judgment is appropriate).

## II.

Plaintiff next contends that the trial court abused its discretion in refusing to allow her to amend her complaint to add a claim for negligent supervision or negligent retention. Again, we disagree.

■ While leave to amend should be freely granted, the resolution of such an issue is placed within the sound discretion of the trial court and its decision will not be disturbed on appeal unless an abuse of discretion is shown. *Casserly v. State,* 844 P.2d 1275 (Colo.App.1992). A court may deny leave to amend because of resulting delay, undue expense, or other demonstrable prejudice. *Varner v. District Court,* 618 P.2d 1388 (Colo.1980). A trial court does not abuse its discretion when it denies a motion to amend that is futile. *Conrad v. Imatani,* 724 P.2d 89 (Colo.App.1986).

Here, in opposing plaintiff's motion, Christie asserted that allowing the amendment just two months before trial would require additional discovery, resubmission of disclosure certificates, the possible retention of an expert witness, and the probable delay of the trial. In denying the motion, the trial court concluded that Christie would, indeed, suffer prejudice.

■ The trial court also based its decision upon the "very real possibility that the Premises Liability Statute would bar [plaintiff's] claims in the Amended Complaint." We concur with the trial court's assessment that the statute would bar plaintiff's proposed amended claims here.

The standards of care for landowners set forth in § 13–21–115(3), C.R.S. (1995 Cum. Supp.) apply in *any civil action* brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of

such property, or activities conducted or circumstances existing on such property. Section 13–21–115(2), C.R.S. (1987 Repl.Vol. 6A).

Plaintiff's proposed amended complaint asserted claims that Christie failed to exercise reasonable care in selecting the person or persons hired to maintain the premises and failed to exercise reasonable care in supervising or retaining the persons hired or in failing to inspect the premises. Thus, regardless of the fact that plaintiff's proposed amendment was described as a claim for "negligent supervision" or "negligent retention," because her contentions related to the condition of the property, or the activities conducted or circumstances existing on the property, plaintiff would still have been required to prove that Christie failed to exercise reasonable care to protect against dangers of which it actually knew or should have known. *See* § 13–21–115(3)(c)(I), C.R.S. (1995 Cum.Supp.).

However, as set forth above, plaintiff was unable to present any such evidence relating to the storage doors. Accordingly, her proposed additional claims suffered the same defect as her original negligence claim.

Under these circumstances, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend. *See Koontz v. Rosener,* 787 P.2d 192 (Colo. App.1989).

### III.

■ Finally, we also disagree with plaintiff's contention that the trial court abused its discretion in failing to rule on her motion to compel discovery prior to granting Christie's motion for summary judgment.

Initially, we note that, in responding to Christie's summary judgment motion, plaintiff did not seek the protection afforded by C.R.C.P. 56(f) pursuant to which the trial court may defer ruling on a summary judgment motion in order to permit additional discovery. Nor did plaintiff's motion to compel contain any request that the trial court postpone its ruling on the summary judgment motion pending a ruling on the motion to compel. Indeed, although the trial court did not issue its order granting summary judgment until more than six months after the motion was ripe for consideration, at no time prior to that order did plaintiff request that the trial court defer its ruling based upon outstanding discovery.

Under these circumstances, we conclude that the trial court did not err or abuse its discretion in ruling on the summary judgment motion prior to considering the motion to compel. *See Osborn v. Harrison School District No. 2,* 844 P.2d 1283 (Colo.App. 1992).

The judgment is affirmed.

RULAND and ROY, JJ., concur.