Richard SOFFORD, Plaintiffs,

v.

**SCHINDLER ELEVATOR CORPORATION, et al., Defendants.**

**Civil Action No. 95–WM–3099.**

United States District Court, D. Colorado.

Feb. 28, 1997.

Steven R. Barrett, Barrett, Pibl & Associates, Denver, CO, for Plaintiff/Petitioner.

Michael L. Poindexter, Byrne, Kiely & White, Denver, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MILLER, District Judge.

Before me is defendant United Air Line's (United) motion for summary judgment. Because I conclude that United has demonstrated that it is entitled to judgment as a matter of law and that plaintiff has failed to show that there is a genuine issue for trial, United's motion is granted, and this case is dismissed.

# I.

## *Jurisdiction.*

Defendants removed this personal injury action on the basis of diversity of citizenship. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

# II.

## *Statement of Issues.*

Is the Colorado landowner liability statute, C.R.S. § 13–21–115 (1996 Cum.Supp.), the sole basis for landowner liability for an invitee's injury while on the landowner's property?

May the landowner escape liability by delegating responsibility for conditions on the property to an independent contractor?

Is the landowner's premises liability limited to injuries caused by dangerous conditions of which the landowner had actual or constructive knowledge?

Did United make a *prima facie* showing that there was no genuine issue of material fact concerning its knowledge and that it was entitled to judgment as a matter of law under the landowner liability statute?

If so, did plaintiff make sufficient response to raise a genuine issue for trial?

# III.

## *Standard of Review.*

Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of any issue of material fact. If that burden is met, the opponent "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

*See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410 (10th Cir.1993). Ultimately, summary judgment is improper if, viewing the facts before the court in a light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, a reasonable jury could find in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Under the *Erie* doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* —— U.S. ——, ——, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996); *Sender v. Simon,* 84 F.3d 1299, 1303 (10th Cir.1996). Although I apply the federal Rule 56, I note that Colorado's Rule 56 is substantially the same and that Colorado courts apply a similar analysis when considering summary judgment motions. *See, e.g., Casey v. Christie Lodge Owners Ass'n, Inc.,* 923 P.2d 365, 366 (Colo.App.1996).

# IV.

## *Background.*

On October 28, 1993, plaintiff, an employee of AT & T, was at United's Reservations Building in Denver, Colorado, to install wiring for a new telephone system. In the course of his duties, he entered a service elevator; shortly after the doors closed, the metal ceiling access hatch fell and struck him on the head.[1]

The parties do not dispute that, under Colorado law, plaintiff was an invitee in United's building.[2] The parties also do not dispute that United had contracted with Schindlar Elevator Corporation, d/b/a Millar Elevator Service, Inc. (Millar), for the repair, inspection, and maintenance of the elevator in question.

The service agreement between United and Millar, attached to United's motion as

---

**1.** Plaintiff received worker's compensation benefits from AT & T, which subrogated its claim for those benefits to plaintiff.

**2.** An invitee is defined as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested...." C.R.S. § 13–21–115(5)(c).

Exhibit E, lists the services to be performed by Millar. Included in the list is "Preventative Maintenance," which involved, on a quarterly basis, "car top selector," "clean car top," "check hoistway cover, etc.," including checking "the car top and the hoistway for loose cover, vanes or components." Exhibit A to service agreement.[3]

As discussed below, no evidence is presented that United or Millar knew or should have known of any dangerous condition in the elevator.

Plaintiff sued United and Millar to recover for his injuries resulting from the elevator incident. Following plaintiff's settlement with Millar and the stipulated dismissal of Millar as a defendant, United designated Millar as a negligent non-party pursuant to C.R.S. § 13–21–111.5.

## V.

*United's Motion for Summary Judgment.*

Plaintiff's complaint raises claims of general negligence and premises liability against United. United seeks summary judgment on both claims, arguing (1) it cannot be held liable under a negligence theory because Millar was an independent contractor, and (2) there is no evidence that it knew or should have known of the allegedly dangerous condition of the service elevator to support liability under the Colorado premises liability statute, C.R.S. § 13–21–115.

■ During argument, counsel agreed that the premises liability statute establishes the exclusive remedy against a landowner in Colorado for injuries occurring on his property. The statute provides, in pertinent part:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property,

*the landowner shall be liable only as provided in subsection (3) of this section.* § 13–21–115(2) (emphasis added). That language is unambiguous, and I hold, consistent with existing Colorado authority, that plaintiff may recover against landowner United only pursuant to that statute and not under any other theory of negligence, general or otherwise. *See Casey v. Christie Lodge Owner's Ass'n, Inc.,* 923 P.2d at 367–368.

■ Specifically, the statute provides that an invitee such as plaintiff may only "recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." C.R.S. § 13–21–115(3)(c)(I). In effect, the statute establishes two separate elements for landowner liability: (1) breach of a duty to use reasonable care to protect against a danger on the property, and (2) actual or constructive knowledge of the danger. *See Jules v. Embassy Properties, Inc.,* 905 P.2d 13, 15 (Colo.App.1995); CJI–Civ.3d 12:5D (Cum. Supp.1996).

■ In applying those elements to this case, I have the threshold question of whether the landowner may escape liability by delegating its duty to use reasonable care to an independent contractor as United urges. Again, existing authority makes plain that United's argument is unavailing. The Colorado Court of Appeals recently analyzed this issue and held that the landowner's duty is non-delegable. *Jules,* 905 P.2d at 15; *Kidwell v. K–Mart Corp.,* —— P.2d ——, No. 95CA1571 (Colo.App. December 27, 1996) (1996 WL 737218 at *3).

For purposes of this opinion, I will assume that the condition of the service elevator was dangerous and that United failed to exercise reasonable care, either by itself or through the imputation of Millar's negligence in servicing and maintaining the elevator. In so doing, the issue becomes singular: does the landowner nevertheless escape liability if it is

---

**3.** Plaintiff contends that Exhibit B to the service agreement excluded certain duties, including maintenance of the elevator car top and access hatch. This exhibit does indeed exclude renewal, repair or replacement of "car and hoistway door panels" and "car and hoistway enclosures."

The court agrees with United, however, that these exclusions do not affect Millar's responsibilities under the service agreement to maintain, clean, and examine the elevator car top, *e.g.,* to "check the car top and the hoistway for loose cover, vanes or components."

**1462**

shown that it had no actual or constructive knowledge of the dangerous condition?

■ A plain reading of the statute indicates a legislative intent to impose landowner liability only when the landowner knew or should have known of the dangerous conditions, and the Colorado Court of Appeals has so held. *Kidwell v. K–Mart Corp., id.* at *2, at ——; *Casey,* 923 P.2d at 367.

■ Applying that rule and relying in particular upon *Casey,* United contends it cannot be liable because there is no evidence of its actual or constructive knowledge of the condition of the access panel. In *Casey,* the Court of Appeals held that summary judgment was properly entered denying liability for a lodge invitee's injuries sustained when a storage door under a bunk bed opened and struck the invitee on the shin. The landowner's head of maintenance testified that there never had been a problem with storage doors falling open; in addition, the landowner's general manager stated that there never had been a similar accident at the lodge. The Court of Appeals considered this evidence sufficient to make a *prima facie* showing that the landowner lacked the requisite knowledge of the danger relating to the storage doors. Because the plaintiff did not respond with any competent evidence to establish a genuine issue of material fact, summary judgment was proper.

Using *Casey* as a road map, United has provided excerpts from the deposition of Charles Eaton, the individual responsible for building maintenance, who testified that, during his thirty years at United, he never knew of a ceiling grid on an elevator falling down before this incident nor had he ever seen a ceiling grid out of its hinges. Exhibit B to Motion. United also attaches portions of the deposition of Terry Venard, another United employee at its Reservations building, to the effect that Mr. Venard had never heard of the ceiling grid in the elevator falling down,

other than the incident involving plaintiff. Exhibit C to Motion.

There is also no evidence that Millar was aware of the condition of the elevator. Ronald Williams, a service representative from Millar, was at United's Reservations building to check the elevator eight days prior to plaintiff's accident. Mr. Williams testified by deposition that he "affirmatively look[ed] for safety issues in elevators at that time." There is no evidence that Mr. Williams noticed anything amiss in the elevator.[4]

I hold that United has met its *prima facie* burden of demonstrating the absence of a genuine issue of material fact regarding its lack of actual or constructive knowledge of the condition of the elevator.

## VI.

*Plaintiff's Response to the Motion for Summary Judgment.*

Faced with such a fully-supported motion for summary judgment, the adverse party must respond "by affidavits *or as otherwise provided in this rule*" in order to demonstrate that a genuine issue exists for trial. Fed.R.Civ.P. 56(e) (emphasis added). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Id.* In addition to affidavits, Rule 56 contemplates support for a summary judgment motion in the form of "pleadings, depositions, answers to interrogatories, and admissions...." Fed. R.Civ.P. 56(c).

■ Plaintiff argues that he has adequately responded to United's motion by his use of expert reports which arguably imply some constructive knowledge on the part of United. However, these reports are unsworn and therefore not competent evidence for my consideration in ruling on the motion for summary judgment.

In *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 1608 n. 17, 26

---

**4.** Even if there were evidence that Millar knew or should have known about the condition of the elevator, no authority exists for imputing this knowledge to United. In *Kidwell,* the Colorado Court of Appeals held that negligence of an independent contractor must be imputed to the landowner "if that negligence created a danger to

invitees *and if [the landowner] knew or should have known of the danger."* 1996 WL 737218, at *3, —— P.2d at —— (emphasis added). Thus plaintiff must still present evidence that *United* knew or had reason to know of the elevator condition in order to avoid summary judgment.

L.Ed.2d 142 (1970), the Supreme Court observed that an unsworn statement submitted in support of a motion for summary judgment did not meet the requirements of Fed. R.Civ.P. 56(e). Other courts have followed *Adickes* and declined to consider unsworn expert reports and other statements submitted in the summary judgment context. *See, e.g., Fowle v. C & C Cola,* 868 F.2d 59, 67 (3d Cir.1989) (unsworn expert's report "is not competent to be considered on a motion for summary judgment"); *Wittmer v. Peters,* 87 F.3d 916 (7th Cir.1996) (unsworn expert reports are "not, strictly speaking, admissible to support or oppose summary judgment"), *cert. denied,* — U.S. ——, 117 S.Ct. 949, 136 L.Ed.2d 837 (1997); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 968–969 (6th Cir. 1991) (unsworn statements of two employees must be disregarded). *See also Monroe v. Board of Education of the Town of Wolcott, Connecticut,* 65 F.R.D. 641 (D.Conn.1975). Although the Tenth Circuit has not addressed this specific issue, it has recognized that unverified reports may not be used to support factual determinations "unless reduced to a form recognized by the rules." *Nordgren v. Hayward,* 638 F.2d 224, 226 (10th Cir.1981).

Because plaintiff has not offered any competent evidence that United (or Millar, for that matter) had actual or constructive knowledge of the condition of the elevator in response to United's motion for summary judgment, plaintiff has failed to demonstrate that a genuine issue of fact of United's knowledge exists for trial, and United is entitled to judgment as a matter of law.[5]

Accordingly, it is ordered as follows:

1. Defendant United Air Line's motion for summary judgment is granted.

2. Plaintiff's complaint is dismissed with prejudice.

3. Defendant may file a bill of costs within fourteen days of the date of this order.

---

**5.** Plaintiff's argument that a higher standard of care should be imposed upon elevator owners is not persuasive. Plaintiff has cited to no statute or other authority providing an exception to the premises liability statute for such landowners.