John W. PIERSON and Wanda
L. Pierson, Plaintiffs–
Appellants,

v.

BLACK CANYON AGGREGATES,
INC., and Chauncey Luttrell,
Defendants–Appellees.

No. 99CA1626.

Colorado Court of Appeals,
Div. III.

Dec. 21, 2000.

Certiorari Granted Oct. 15, 2001.

Woodrow & Roushar, Frank J. Woodrow, Montrose, CO, for Plaintiffs–Appellants.

Younge & Hockensmith, P.C., Earl G. Rhodes, David M. Dodero, Grand Junction, CO, for Defendants–Appellees.

Opinion by Judge KAPELKE.

Plaintiffs, John W. Pierson and Wanda L. Pierson, appeal from the summary judgment dismissing their complaint against defendants, Black Canyon Aggregates, Inc. (Black Canyon) and Chauncey Luttrell. We affirm.

According to plaintiffs' complaint, John Pierson was seriously injured when he drove off a seventeen-foot cliff into a gravel pit. The gravel pit allegedly was located in the middle of a designated county road.

The gravel pit was operated by Black Canyon, a company owned by Luttrell. Black Canyon had contracted with Montrose County to crush gravel at various locations, including the gravel pit where John Pierson was injured. Montrose County, in turn, leased the gravel pit from a third party.

The lease gave the county the exclusive right to mine, excavate, and stockpile gravel on the property. In addition, the lease required the county to maintain all fences on the property and authorized it to place gates at any point on the property. The lease specified that the right of ingress and egress to the property was to be on "dedicated public right-of-way designated as 57.50 Road" and that the county had the right to fence the right-of-way or place cattle guards at any point.

The agreement between the county and Black Canyon primarily concerned the quantity and quality of the gravel to be mined. It did not transfer possession of the property to Black Canyon, but allowed Black Canyon to enter the property to perform the work required under the contract. The county retained the right to enter the property to remedy any unsafe conditions, and Black Canyon was obligated to reimburse the county for all reasonable costs incurred by it in undertaking such remediation. Pursuant to an addendum to the contract, the county also retained the right to determine the depth and approximate location of the excavation.

In their complaint against defendants, plaintiffs sought damages based on theories of: (1) negligence in creating a dangerous condition; (2) breach of a contract between Black Canyon and the county requiring Black Canyon to obtain liability insurance and to name the county as an additional insured; (3) negligence relating to Luttrell's failure to name the county as an additional insured under the insurance policy; and (4) loss of consortium. Plaintiffs did not name the county as a defendant in this action.

Defendants filed a motion for summary judgment, asserting that the premises liability statute, § 13–21–115, C.R.S.2000, controlled the determination of liability. Defendants argued that, because the county was in "possession" of the gravel pit pursuant to its lease with the property owners, Black Canyon was not a "landowner," and thus it could not be liable for plaintiffs' injuries. Defendants also argued that plaintiffs were not third party beneficiaries under the agreement between Black Canyon and the county. Accordingly, Defendants asserted that they were entitled to judgment as a matter of law on the breach of contract claim and the negligence claim for failure to name the county as an insured.

In response, plaintiffs acknowledged that the premises liability statute was controlling, but asserted that Black Canyon was a "landowner" within the meaning of the statute, based on its possession of the property pursuant to the agreement. Plaintiffs also ar-

gued that they were third party beneficiaries under the agreement between Black Canyon and the county regarding the purchase of liability insurance, and that Luttrell had been negligent in failing to purchase insurance naming the county as an additional insured.

The trial court found that, for purposes of the premises liability statute, the county was the landowner, not Black Canyon. Therefore, it granted defendant's motion as to plaintiffs' claims under the premises liability statute.

As to plaintiffs' breach of contract claim, the trial court found that, given the express terms of the agreement between Black Canyon and the county and the surrounding circumstances, plaintiffs had standing as third party beneficiaries to pursue that claim against Black Canyon. However, the court determined that plaintiffs' negligence claim for failure to name the county as an additional insured under the insurance policy should be dismissed, because plaintiffs' sole remedy was under the breach of contract claim. The court declined to dismiss the loss of consortium claim, concluding that Wanda Pierson, like her husband, was a third party beneficiary under the agreement.

Defendants later filed another motion for summary judgment on plaintiffs' remaining claims, Defendants asserted that, even if the county had been named as an additional insured under the insurance policy, because the county was immune from liability under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000, and had not waived its immunity by resolution, under the terms of the policy there would have been no insurance coverage for plaintiffs' injuries.

The trial court agreed with defendants' argument and entered a summary judgment of dismissal. This appeal followed.

## I.

Plaintiffs first contend that the trial court erred in determining that Black Canyon was not a "landowner" for purposes of the premises liability statute. We disagree.

Summary judgment is appropriate when the pleadings, affidavits, depositions, or ad-missions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cung La v. State Farm Automobile Insurance Co.,* 830 P.2d 1007 (Colo.1992).

■ The premises liability statute, § 13–21–115, determines when a "landowner" may be held liable for conditions of, or for activities conducted on, the property. *Casey v. Christie Lodge Owners Ass'n,* 923 P.2d 365 (Colo.App.1996). The statute provides the exclusive remedy against a landowner for injuries occurring on the landowner's property. *See Thornbury v. Allen,* 991 P.2d 335 (Colo.App.1999); *see also Sofford v. Schindler Elevator Corp.,* 954 F.Supp. 1459 (D.Colo.1997).

A "landowner" is defined under the premises liability statute as including, "without limitation, an authorized agent or person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." Section 13–21–115(1), C.R.S.2000.

Here, pursuant to its lease with the owners of the gravel pit, the county obtained exclusive possession of the gravel pit for purposes of mining, excavating, and stockpiling of gravel. Accordingly, the county was a party in "possession" of the property and would fall within the definition of a "landowner" for purposes of the premises liability statute.

■ A more difficult question arises with regard to the status of Black Canyon. Under its agreement with the county, Black Canyon agreed to crush certain amounts of gravel in various pits owned or leased by the county. However, Black Canyon was not granted exclusive possession of the gravel pit as might be the case with a lessee. *Cf. Perez v. Grovert,* 962 P.2d 996 (Colo.App.1998) (lessor who transfers complete possession and control over the leased premises has no liability under the premises liability statute). Rather, as noted, Black Canyon had only a contractual right to mine, excavate, and stockpile gravel under the county's supervision. In light of the control the county retained over the gravel pit pursuant to its

lease and its agreement with Black Canyon, Black Canyon was not solely responsible for the condition of the gravel pit or "for the activities conducted or circumstances existing" on the property. Thus, its status was not unlike that of a general contractor who enters upon a property to perform work pursuant to an agreement with the property owner.

■ Absent some type of ownership or leasehold interest in the property, a party does not fall within the definition of a "landowner" for purposes of the premises liability statute.

Because Black Canyon does not have an ownership interest in the property or exclusive possession pursuant to a lease, we conclude, as did the trial court, that it is not a "landowner" for purposes of the premises liability statute. Therefore, the trial court properly held that defendants cannot be held liable under that statute.

■ We note that a party who is not a "landowner" may nevertheless be held liable under general negligence principles. The premises liability statute constitutes the exclusive remedy only in an action against a *"landowner"* for injuries occurring on the landowner's property. *See Thornbury v. Allen, supra; see also Sofford v. Schindler Elevator Corp., supra.* Here, however, plaintiffs challenge only the trial court's determination that Black Canyon is not liable under the premises liability statute.

## II.

■ Plaintiffs also contend that the trial court erred in granting defendants' second motion for summary judgment and in dismissing the breach of contract and negligence claims based on its conclusion that plaintiffs could not have suffered damages as a result of defendants' failure to obtain liability insurance naming the county as an additional insured. We disagree.

The basis for the court's ruling was that, because the county had governmental immunity and would therefore not be "legally obligated" to pay damages for plaintiffs' injuries, the liability insurance policy would not have provided coverage for such injuries even if defendants had named the county as an additional insured.

Plaintiffs urge that the intent of the provision requiring Black Canyon to obtain liability insurance and to name the county as additional insured was to benefit the citizens of the county, including plaintiffs. They further assert that this contractual provision, together with the county's adoption of a resolution approving the agreement between it and Black Canyon, resulted in a waiver of the county's immunity pursuant to § 24–10–104, C.R.S.2000.

Section 24–10–104 provides in pertinent part:

> Notwithstanding any provision of the law to the contrary, the governing body of a public entity, by resolution, may waive the immunity granted in section 24–10–106 for the types of injuries described in the resolution....

By its plain language, the statute thus requires that a waiver of immunity be "by resolution" and "for the types of injuries described in the resolution." Here, plaintiffs do not contend, and the record does not indicate, that the county's resolution approving the agreement with Black Canyon made any mention of a waiver of immunity or referred to any types of injuries that would be covered by such a waiver.

■ Further, we reject plaintiffs' additional assertion that the term "resolution" as used in the GIA simply means "the County's resolve to effect a result, namely to protect the public from government immunity." Instead, we agree with defendants that the type of resolution contemplated by § 24–10–104 is a formal legislative action approved by a majority vote of the governing body. *Cf.* § 31–20–303(1)(a), C.R.S.2000 (defining the term "resolution," for purposes of a provision regarding bank deposits by city or town treasurers, as "a written resolution duly adopted by a majority vote of the governing body, which vote is entered in its minutes").

Further, we note that prior to its amendment in 1986, § 24–10–104 provided that a public entity waived its immunity by obtaining liability insurance. *See* Colo.Sess.Laws

1986, ch. 166, § 24–10–104 at 875. The obvious intent of the 1986 amendment, which introduced the present language, was to eliminate the provision that procurement of liability insurance effected a waiver of immunity.

Accordingly, we conclude that the trial court properly ruled that the county did not waive its immunity by resolution pursuant to § 24–10–104.

Finally, in view of our disposition, we need not address the mootness argument raised by defendants in their supplemental brief.

The judgment is affirmed.

Judge NEY and Judge DAILEY concur.